STATE OF NEBRASKA, APPELLEE, v. HENRY C. FLEMING, APPELLANT.

154 N. W. 2d 65

Filed November 10, 1967.    No. 36552.

Donald R. Grant, for appellant.

Ralph D. Nelson and Fred J. Swihart, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Defendant was convicted by a jury of operating a motor vehicle while under the influence of alcoholic liquor. He has perfected an appeal to this court, setting out six assignments of error. We sustain the first assignment of error, and deem it unnecessary to consider the others.

The first assignment of error is as follows: "The Court erred in overruling Defendant's motion for mistrial made during testimony of Officer Jerry L. Thomas."

After the defendant's arrest, he was transported to a hospital for the purpose of drawing blood for a blood test. The objection is directed at an alleged statement made by the defendant to the police officers on the way to the hospital. The questioned testimony is as follows: "Q Did anything take place on the way to the hospital? A We talked to Mr. Fleming. Q Do you recall the conversation? A We asked him if he was drunk and if he felt he was drunk, and he stated yes, he felt he was out of it. He also stated, 'Do you fellows realize what you're going to cost me?' MR. GRANT: I'm sorry, I didn't hear that. A I beg your pardon. He also stated —he asked us if we realized what we were going to cost him. MR. GRANT: Oh. A And we asked him to explain, and he stated that he had been arrested prior for drunk driving."

Defendant immediately moved for a mistrial. This motion was overruled, and the jury was instructed to disregard the statement.

A previous arrest for drunken driving is clearly irrelevant evidence, and in this trial must be considered prejudicial. In McKay v. State, 90 Neb. 63, 132 N. W. 741, 39 L. R. A. N. S. 714, Ann. Cas. 1913B 1034, we said: "An accused in a criminal prosecution is entitled to a trial upon competent, relevant evidence; evidence which

at least tends to establish his guilt or innocence; and evidence which has no such tendency, but which, if effective at all, could only serve to excite the minds and inflame the passions of the jury, should not be admitted."

As we view the record, the admonition to disregard the statement does not eliminate the prejudice. The poison has been injected; the damage has been done. The statement cannot be entirely removed from the minds of the jurors. The defendant was being tried for drunken driving. The statement of previous arrest for drunken driving and "what you're going to cost me" involved the same type of offense, and obviously suggests a repetitive offense as well as a conviction. The statement could have no legitimate bearing on the question of the guilt or innocence of the defendant in the present trial, yet it puts the defendant at a distinct disadvantage, and weakens his presumption of innocence. The motion for a mistrial should have been sustained.

For the reasons given the judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.