STATE OF NEBRASKA, APPELLEE, v. WILLIAM EUGENE SHARP, APPELLANT.

168 N. W. 2d 267

Filed May 16, 1969. No. 37042.

A. Q. Wolf and Lynn R. Carey, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and NEWTON, JJ., and HASTINGS, District Judge.

HASTINGS, District Judge.

Defendant was convicted by a jury of the crime of robbery and sentenced to imprisonment for from 5 to 7 years. Defendant appeals on the sole ground that the trial court admitted evidence of independent criminal acts which had no relation to the offense charged.

Mrs. Leona Mae Paulsen testified that at 11:30 a.m., on March 13, 1968, within the City of Omaha, she was accosted by a man who grabbed her purse and ran. She later identified the defendant as her assailant when she viewed him in a police lineup. Two other witnesses, John B. Harrington and Larry Smith, identified the defendant as the person whom they had observed in the vicinity of the crime at the time that it occurred.

Walter Morgan, Jr., a police officer from Centerville, Illinois, testified outside the presence of the jury for the purpose of laying a foundation for the seizure of exhibits 1 and 2, the victim's coin purse and billfold, from the possession of the defendant. Officer Morgan stated that he first arrested defendant in Illinois based on a tip that defendant was driving a stolen car and had had a traffic accident while driving a car with stolen plates. After requesting identification from the defendant the officer observed exhibits 1 and 2 in defendant's suitcase, which were seized by him and forwarded on to the Omaha police. At the conclusion of that portion of the testimony the trial court stated: "Your objections to the admissibility of Exhibits 1 and 2, that is, a billfold and coin purse, are overruled. We will now have the witness testify in front of the jury."

In his testimony before the jury officer Morgan stated

the time and place of his arrest of the defendant. He was then asked how he happened to place defendant under arrest and over objections by defendant's counsel stated: "Well, we had a tip that the man was in the area driving a stolen vehicle." Defendant's motion for a mistrial made immediately was overruled. Additional testimony of officer Morgan was as follows: "Q. Did you independently of this information have a wanted on Mr. Sharp? MR. CAREY: Objected to— A. He was wanted by our Department. MR. CAREY: I move for a mistrial again. This is the second time they showed suspicion at least of another crime. THE COURT: Overruled. A. He was wanted by our Department for traffic violations and driving a vehicle with stolen license plates."

The officer then went on to identify exhibits 1 and 2 as having been taken from the defendant and forwarded to Omaha, which exhibits were then received in evidence.

Defendant relies exclusively on the general rule that: "Evidence of crimes other than that with which the accused is charged is not generally admissible in a criminal prosecution." In State v. Fleming, 182 Neb. 249, 154 N. W. 2d 65, we said: "The statement could have no legitimate bearing on the question of the guilt or innocence of the defendant in the present trial, yet it puts the defendant at a distinct disadvantage and weakens his presumption of innocence."

The State insists that the particular testimony was necessary in order to prove a lawful search and seizure as incident to a lawful arrest and thereby eliminating the necessity of a warrant. This court in State v. O'Kelly, 175 Neb. 798, 124 N. W. 2d 211, in quoting from Ker v. California, 374 U. S. 23, 83 S. Ct. 1623, 10 L. Ed. 2d 726, laid down the appropriate rule: " 'We reiterate that the reasonableness of a search is in the first instance a substantive determination to be made by the trial court from the facts and circumstances of the case and

in the light of the "fundamental criteria" laid down by the Fourth Amendment and in opinions of this Court applying that Amendment.' "

Defendant at all stages of the proceedings resisted efforts by the State to introduce in evidence the billfold and coin purse, contending that they were the fruits of an unlawful search and seizure. It was therefore incumbent upon the State to lay a proper foundation for their reception in evidence.

In People v. Howard, 166 Cal. App. 2d 638, 334 P. 2d 105, the defendant had been living with a woman who complained to the police of his treatment of her with the result that they called at defendant's residence for the purpose of apprehending him. They there found a quantity of stolen goods and defendant was tried on a charge of burglary. Defendant objected to the admission of the evidence regarding the mistreatment of his mistress on the ground that it constituted evidence of other crimes. The court, in holding that the evidence was properly admitted, stated: "Thus, this fact was relevant to explain the entry on the premises and defendant's subsequent arrest without warrants. Evidence to explain the arrest of the defendant and the circumstances surrounding it, even if other prior crimes are disclosed, is admissible." Similarly in the case of State v. Riley, 182 Neb. 300, 154 N. W. 2d 741, this court stated: "Where such evidence, however, is in fact relevant the 'other-crimes' rule does not apply. * * * 'It is competent for the prosecution to put in evidence all relevant facts and circumstances which tend to establish any of the critical elements of the crime with which the accused is charged even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes.' "

Possession of the stolen coin purse and billfold was strong evidence tending to identify defendant as the robber and the evidence regarding the circumstances of his arrest was not only incidental to proof of a major

element of the crime, but essential to support reception of the exhibits.

Even without this evidence, a jury would unquestionably have speculated on the circumstances of his arrest in Illinois and the normal inference would be that he had run afoul of the law there and been picked up on some other charge. The mere fact of his arrest in Illinois, without anything further, under circumstances showing he was not identified until his arrest, unavoidably established an inference that he had been guilty of some other crime, and evidence identifying the nature of the crime would not, therefore, appear to be prejudicial. No judgment shall be set aside, or new trial granted, or judgment rendered in any criminal case, on the grounds of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, if this court, after an examination of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred. See State v. Riley, *supra*.

For the reasons given, the judgment of the trial court is affirmed.

AFFIRMED.