STATE OF NEBRASKA, APPELLEE, v. FRANCISCO M. JUAREZ, APPELLANT.

190 N. W. 2d 858

Filed October 22, 1971. No. 37892.

Frank B. Morrison and Stanley A. Krieger, for appellant.

. Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

The defendant was charged on separate counts with the crimes of sodomy and assault with intent to do great bodily harm. He was found guilty of sodomy by the jury, but the jury was unable to reach a verdict on the assault count. Sentence on the sodomy conviction was entered, and this appeal followed.

The victim was a 15-year-old runaway from the Whitehall Home in Lincoln, Nebraska. He met the defendant, Francisco Juarez, in Omaha on July 1, 1970. The victim accompanied Juarez to a pool hall and later to Juarez' apartment where he spent the night. The victim testified that Juarez committed sodomy upon him that night and on the three succeeding nights. He continued to stay with Juarez. On the evening of July 5, 1970, the victim and the defendant were in the defendant's apartment with another unidentified male adult and two other teenage boys. All of them had removed their clothing except for undershorts. There was some evidence of drinking by the defendant: The boys testified that

at times the defendant kissed and patted their legs and buttocks. Later, the defendant began to beat the unidentified adult, who fled. Still later, defendant began to beat the victim and the two other boys fled. These two notified the police and accompanied them back to the defendant's apartment. The defendant and the victim were in the apartment. The victim was beaten, bleeding, and crying. The officers arrested the defendant and took the victim to a hospital, and later to the police station. The victim made complaints or statements to a police officer at each location. The statements were both made by the victim within an hour and a half to two hours from the time the police found him. To some extent, the statements were in answer to questions of the officers. Both officers testified that the victim was in an emotional or excitable state.

The complaints or statements made by the victim to the officers were essentially summary statements of what crimes were committed, where, when, and by whom. The victim was the first witness at the trial. The two other boys and three police officers also testified. The evidence of these witnesses, while circumstantial as to sodomy, generally corroborated the testimony of the victim in all other respects. The victim's complaints to the police officers were fully consistent with the testimony which he gave at the trial.

The assignments of error center around the admission of the complaints or statements made to the police officers by the victim. The defendant claims that this testimony was inadmissible hearsay and was not a part of the res gestae.

Nebraska has traditionally followed the common law rule that in a sex crime, the fact that complaint was made is admissible but not its details. This rule, while related to exceptions to the hearsay rule, is still grounded on different considerations. Although issues have been intermingled, we have held that in a sex crime, testimony on direct examination concerning a victim's complaint

should be confined to the fact that complaint was made, and the details of the event, including the identity of the person accused, are not proper subjects of inquiry unless the complaint was a spontaneous, unpremeditated statement so closely connected with the act as to be part of the res gestae. See, Peery v. State, 163 Neb. 628, 80 N. W. 2d 699; State v. Chaney, 184 Neb. 734, 171 N. W. 2d 787.

Concepts of res gestae have been indistinct and interpretation has been sometimes confusing. Most of the present exceptions to the hearsay rule evolved from early explanations in terms of res gestae. The obvious trend of the cases is toward a widening of the admission of spontaneous statements and a narrowing of the operation of the hearsay rule.

A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition is generally admissible as an exception to the hearsay rule, whether it be treated as part of the res gestae or as a spontaneous declaration or excited utterance. See, generally, McCormick, Law of Evidence, § 272, pp. 578 to 584; United States v. Fountain, 449 F. 2d 629 (8th Cir., September 28, 1971); State v. Chaney, *supra;* Rule 8-03(b)(2), Preliminary Draft of Proposed Rules of Evidence for the United States District Courts and Magistrates.

Determination of admissibility generally rests within the sound discretion of the trial court. See, VI Wigmore on Evidence (3d Ed.), § 1757, p. 166; Roberts v. United States, 332 F. 2d 892 (8th Cir., 1964).

The defendant objected to the police officers' testimony as to the victim's complaints on the ground that it was hearsay. The trial court properly overruled those objections. Even assuming that the foundation for admission of the victim's complaints to the police was inadequate, we cannot see how the testimony prejudiced the defendant. The victim's oral testimony at trial was completely consistent with his out-of-court statements,

and both the declarant and those who heard the statements were subject to cross-examination.

The judgment is affirmed.

AFFIRMED.