STATE OF NEBRASKA, APPELLEE, v. WILLIAM BROWN, APPELLANT.

202 N. W. 2d 591

Filed December 1, 1972.  No. 38434.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The defendant, William Brown, was charged with manslaughter in the killing of his wife. The jury returned a verdict of guilty. On this appeal the issues are: (1) The sufficiency of the evidence to support the verdict; and (2) whether the trial court erred in admitting over objection the declaration of the victim that the defendant had stabbed her. We affirm.

A brief summary of the evidence will lay the groundwork for dealing with both issues. The State's first witness was Lester T. Ridley, whose mother, Ella Mae Brown, was the homicide victim. Ridley testified that on June 27, 1971, he was living with his mother at 2565 Pratt Street in Omaha. Ridley further testified his mother had married Mr. Brown, the defendant, some time around October 1970. He further stated that approximately 3 o'clock a.m., Brown called and asked to speak to the witness' mother. Ridley put down the phone and told his mother there was a telephone call for her. She came to the phone, however, no one spoke at the other end of the line and she hung up. At about the same time she hung up the receiver Brown appeared at the front door and asked to be admitted, saying that he wanted to talk. Mrs. Brown let him in. Ridley stated he saw Brown and his mother go through the house into the bedroom and that Brown grabbed her by the arm and pulled her into the kitchen. He then heard his mother call to him and Ridley went into the bedroom, got a pistol out of her purse, and proceeded to the kitchen. He observed his mother up against the wall and Brown had a butcher knife in his hand. Ridley stated he pointed the gun at Brown, that Brown pulled his mother to the floor by the hair and told her to tell him to drop the gun or that he was going to stab her. Mrs. Brown told her son to go back into the bedroom and this he pro-

ceeded to do. He put on his pants and told his wife to call the police. The witness then ran outside to the side of the house to see if he could get his mother clear from Brown. He was outside when he heard his mother yell: "Lester, Bill done stabbed me." He then observed Brown running from the bedroom into the living room and heard him exit out the rear of the house. Ridley fired a shot at the fleeing Brown.

The police arrived approximately 10 minutes later. Ridley stated that when they entered his mother was lying on the couch covered from head to foot with blood. Mrs. Ridley, the wife of Lester, testified that she was staying with her husband in Ella Mae Brown's house on the night of June 27, 1971. Her testimony corroborated that of Ridley.

Police officer George Lynch testified that on June 27, 1971, he received a call to proceed to 2565 Pratt Street and that upon arriving he walked in the front door and observed the lady sitting on the couch with blood on her nightgown, her hands, and her body. He observed there was a lot of blood throughout the house and the kitchen seemed to have been the scene of a struggle. First aid was administered. Other officers corroborated the testimony of Lynch. Mrs. Brown was taken to the hospital where she died before any emergency treatment could be rendered. Expert testimony established the cause of death as a stab wound in the right chest which penetrated the right lung.

A civilian employee of the police department, a radio operator, testified that about 5:10 a.m., on June 27, 1971, the defendant who identified himself as William Brown appeared and told the witness he wished to turn himself in and then spontaneously made admissions. These admissions amounted essentially to a confession but with mitigating circumstances.

The defendant did not testify in his own behalf and the witnesses testifying for him testified on irrelevant matters.

The evidence is clearly sufficient to support the verdict.

The defendant, in support of his contention that the declaration of Ella Mae Brown was not admissible, cites Gain v. Drennen, 160 Neb. 263, 69 N. W. 2d 916; and State v. Worley, 178 Neb. 232, 132 N. W. 2d 764. Neither case supports the defendant's position. The State urges that the declaration is admissible as a dying declaration and cites the following cases: Penn v. State, 119 Neb. 95, 227 N. W. 314; Edwards v. State, 113 Neb. 698, 204 N. W. 780; Johnson v. State, 112 Neb. 530, 199 N. W. 808; Tongue v. Perrigo, 130 Neb. 564, 265 N. W. 737. These cases stand for the proposition that the dying declaration is admissible on a prosecution for homicide of the declarant, if the declaration relates to the cause of the declarant's death and is made when the declarant is conscious of the fact that death is imminent. The defendant urges the inapplicability of these cases because there is no evidence that the declarant was conscious of the fact that death was imminent. Evidence of such consciousness here is purely circumstantial.

We need not decide, however, whether the declarations are in the dying declaration category. The evidence was clearly sufficient to warrant the submission of the victim's statements as spontaneous declarations so clearly and closely connected in time with the stabbing as to be admissible as evidence of the real cause. This is one of the exceptions to the hearsay rule which has long been recognized by this court. This court has usually applied the label of res gestae. There is here an overriding coincidence of the time of the declaration and the main transaction. "The consensus of authorities seems to be that a declaration, to be part of the res gestae, need not be coincident in point of time with the main fact proved. It is enough that the two are so clearly connected that the declaration can in the ordinary course of affairs be said to be a spontaneous declaration of the real cause." Evidence, Nebraska State Bar Assn. (1966), c. 5, IV D3, p. 5-8. See, also Missouri

P. Ry. Co. v. Baier, 37 Neb. 235, 55 N. W. 913, cert. den. 154 U. S. 510, 14 S. Ct. 1149, 38 L. Ed. 1083; Hamilton v. Huebner, 146 Neb. 320, 19 N. W. 2d 552, 163 A. L. R. 1. See, also, Griffith v. State, 157 Neb. 448, 59 N. W. 2d 701, for another example of spontaneous declaration of a victim.

AFFIRMED.