STATE OF NEBRASKA, APPELLEE, v. MELVIN GEORGE BROWN, APPELLANT.

206 N. W. 2d 331

Filed April 13, 1973. No. 38556.

T. Clement Gaughan and Paul M. Conley, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, MCCOWN, NEWTON, and CLINTON, JJ.

SPENCER, J.

Defendant appeals from his conviction on a charge of robbery. The appeal is predicated on two alleged errors in the admission of evidence: (1) The admission of a statement made to a treating doctor, and (2) the admission of testimony of a crime committed in Canada. We affirm.

In view of the issues raised, a detailed discussion of the evidence of defendant's guilt is unnecessary. The robbery occurred at approximately 11:15 a.m. The victim, Wally Smith, who had been hit on the head with a gun, was bleeding profusely from three separate cuts. An ambulance was called and the victim taken to the hospital. There he told Doctor J. E. Mabie that "he had been struck by a gun by two men." Doctor Mabie was permitted to testify to this conversation over defendant's objection.

Police officers from Ontario, Canada, were permitted to testify that defendant and a companion were apprehended by Ontario police 10 days after the robbery in Lincoln, after a chase following a bank robbery. Two guns and a diamond ring, taken in the Lincoln robbery, were recovered from them. One of the guns was found in defendant's pocket. The diamond ring was found in a car registered in defendant's name, together with a ticket showing the purchase of gas in Lincoln the day before the robbery herein.

The victim, Wally Smith, died of heart trouble before the trial. He was taken to the hospital as soon as an ambulance arrived. The statement complained of was made when the doctor asked him what had happened. The State argues the statement, while hearsay, comes well within the res gestae exception to the hearsay rule as heretofore enunciated by this court.

It is often difficult to determine whether or not state-

ments are to be regarded as res gestae. The rule followed in this state is set out in Reizenstein v. State (1958), 165 Neb. 865, 87 N. W. 2d 560, as follows: " 'There is no hard and fast rule for demarcation between that which is and that which is not res gestae, but a declaration to be competent evidence as part of the res gestae must have been made at such a time and under such circumstances as to raise a presumption that it was the unpremeditated and spontaneous explanation of the matter about which made.'

"In Hamilton v. Huebner, 146 Neb. 320, 19 N. W. 2d 552, 163 A. L. R. 1, this court pointed out some standards which are pertinent in determining whether or not statements may be admitted in evidence as res gestae, as follows: 'To render such assertions admissible it is required that (1) there be some shock to the feelings sufficient to render the utterance spontaneous and unreflecting; (2) the utterance must have been before there has been time to contrive and misrepresent, i. e. while the nervous excitement may be supposed still to dominate and the reflective powers to be yet in abeyance; and (3) it must relate to the circumstance causing the shock to the feelings.'

"The evidence in this case brings the statements of the deceased clearly within the rule as delineated by these decisions. It would serve no useful purpose to repeat herein the evidence which makes this clear."

There can be little question the victim, who had bled profusely, was still in some state of shock when he arrived at the hospital. The statement, which was made within 35 minutes of the burglary, related to the condition causing the shock. Under the circumstances the statement bore the stamp of reliability. It was not a statement the victim would be apt to falsify but was a more or less spontaneous utterance. As we said in State v. Juarez (1971), 187 Neb. 354, 190 N. W. 2d 858: "Concepts of res gestae have been indistinct and interpretation has been sometimes confusing. Most of the

present exceptions to the hearsay rule evolved from early explanations in terms of res gestae. The obvious trend of the cases is toward a widening of the admission of spontaneous statements and a narrowing of the operation of the hearsay rule.

"A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition is generally admissible as an exception to the hearsay rule, whether it be treated as part of the res gestae or as a spontaneous declaration or excited utterance." In Juarez the statements were made by the victim within 1½ to 2 hours after the assault.

As we said in Juarez, *supra:* "Determination of admissibility generally rests within the sound discretion of the trial court. See, VI Wigmore on Evidence (3d Ed.), § 1757, p. 166; Roberts v. United States, 332 F. 2d 892 (8th Cir., 1964)."

In the recent case of State v. Brown (December 1972), 189 Neb. 319, 202 N. W. 2d 591, we said: "The evidence was clearly sufficient to warrant the submission of the victim's statements as spontaneous declarations so clearly and closely connected in time with the stabbing as to be admissible as evidence of the real cause. This is one of the exceptions to the hearsay rule which has long been recognized by this court. This court has usually applied the label of res gestae. There is here an overriding coincidence of the time of the declaration and the main transaction. The consensus of authorities seems to be that a declaration, to be part of the res gestae, need not be coincident in point of time with the main fact proved. It is enough that the two are so clearly connected that the declaration can in the ordinary course of affairs be said to be a spontaneous declaration of the real cause.'"

Here, the statement was made while the exciting influence of the shock still held sway. It was made in response to the treating doctor's inquiry as to what

had happened. It was a spontaneous response as to the cause of the injury. Under the circumstances, the trial judge did not abuse his discretion in permitting its admission.

Defendant's second assignment of error concerns the testimony of some Canadian officers about a pursuit and gunfight after a bank robbery. This occurred 10 days after the Lincoln robbery. The driver of that getaway car was identified as the defendant. Donald Cotham, who confessed to the Lincoln robbery, was also present in the car. The officers testified that after apprehending the two men they recovered two pistols, one of which the defendant had fired, and that the serial numbers matched those of the guns stolen from Wally Smith. Another Canadian officer testified that after the two men had been apprehended he found a bag of coins, a jeweler's evaluation slip describing a gold ring valued at $1,000, a diamond ring, and another square stone ring in the defendant's car. These were items that had been taken in the robbery of Wally's gunshop.

As a general rule, evidence of other crimes than that with which the accused is charged is not admissible in a criminal prosecution. State v. Hoffmeyer (1972), 187 Neb. 701, 193 N. W. 2d 760. This rule has no application to the situation presented here. There was no effort in the present case to prove the crime charged by evidence of another crime. While the evidence adduced had in it an indication of the commission of another crime, the proof of the other crime was not the purpose of the evidence. The purpose and the direct effect of the evidence was to disclose possession of the revolver and the property stolen from the victim in the Lincoln robbery.

This situation is analogous to Peery v. State (1958), 165 Neb. 752, 87 N. W. 2d 378, where the victims of two subsequent crimes were permitted to testify to identify the possession of property stolen in the robbery for which the defendant was being tried. In that

case we said: "Evidence of possession of a revolver a short time after it was stolen is admissible as a circumstance in proof that it was stolen by the person in whose possession it was found."

In State v. Riley (1967), 182 Neb. 300, 154 N. W. 2d 741, we held: "It is competent for the prosecution to put in evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime with which the accused is charged even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes."

In State v. Sharp (1969), 184 Neb. 411, 168 N. W. 2d 267, defendant appealed on the sole ground that the trial court submitted evidence of independent criminal acts which had no relation to the offense charged. Defendant was referring to the victim's coin purse and billfold which were found in his possession when he was arrested for driving a stolen car. We there said: "Possession of the stolen coin purse and billfold was strong evidence tending to identify defendant as the robber and the evidence regarding the circumstances of his arrest was not only incidental to proof of a major element of the crime, but essential to support reception of the exhibits."

In United States v. Cochran, No. 72-1322, the Eighth Circuit Court of Appeals, in an opinion filed March 9, 1972, said: "Well established rules have developed concerning the admission of evidence of other criminal conduct. Although this evidence is generally inadmissible since it suggests that the defendant has a propensity to commit crime, the trial court can in its discretion admit relevant evidence of other criminal acts and reversal is only commanded when 'it is clear that the questioned evidence has no bearing upon any of the issues involved.' "

In State v. Meadows (1972), 188 Neb. 287, 196 N. W. 2d 171, we said: "The problem concerning the admissibility of evidence of other offenses is a special aspect

of the broad general problem of relevancy, and generally the test of admissibility of such evidence is whether the evidence is relevant and material to any issue on the trial, or whether it fairly tends to prove the particular offense charged or an essential element thereof."

The evidence of the Canadian officers was clearly relevant. Proof of the Canadian crime was purely incidental to the proof of possession and the use of the fruits of the Lincoln robbery. Even if the trial judge could have limited some of the testimony of the Canadian officers, his failure to do so, at most, would be harmless error. Defendant took the stand to testify in his own defense, and on cross-examination testified that he had been convicted of probably 10 or 15 felonies. The jury was properly cautioned that this evidence could only be considered on credibility and not as establishing the truth or falsity of the charges against the defendant.

We find no prejudicial error. The judgment herein is affirmed.

AFFIRMED.