STATE OF NEBRASKA, APPELLEE, v. MELVIN GEORGE BROWN, APPELLANT.

222 N. W. 2d 808

Filed October 24, 1974. No. 39505.

Alan Saltzman and Fred Schrekinger, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant was convicted of robbery and sentenced to imprisonment for 10 to 20 years in 1972. The judgment was affirmed in State v. Brown, 190 Neb. 96, 206 N. W. 2d 331.

The defendant now seeks post conviction relief. His

motion alleges the conviction was based on prejudicial and inflammatory testimony which was not relevant and he was denied a speedy trial.

The first ground alleged in the motion was considered and determined adversely to the defendant in the previous appeal. State v. Brown, *supra*. Matters which have been fully litigated in a direct appeal are not a basis for post conviction relief. See State v. Franklin, 187 Neb. 363, 190 N. W. 2d 780. These allegations were properly stricken by the trial court.

The robbery in Lincoln, Nebraska, was committed on May 17, 1963. The defendant was apprehended in Canada on May 27, 1963, in connection with a robbery that took place there. The defendant remained in the custody of Canadian authorities until 1969 when he was returned to Nebraska.

A complaint charging robbery was filed in the county court of Lancaster County, Nebraska, on September 28, 1963. While the defendant was being held in Canada, he wrote to the authorities in Nebraska in an effort to expedite a trial on the charge pending against him in Nebraska. Because the defendant was in custody in Canada he was not brought before the county judge until July 17, 1969.

Until the defendant was released by the Canadian authorities, the proceedings in Nebraska were necessarily suspended. Under the Canadian Extradition Act, a fugitive who is serving a Canadian sentence "shall not be surrendered until after he has been discharged." Extradition Act, R. S., c. 322, § 24.

The record shows any delay in the Nebraska proceedings that occurred after the defendant had been released by the Canadian authorities was with the approval or at the instance of the defendant. The record shows no denial of the defendant's constitutional right to a speedy trial.

The judgment of the District Court is affirmed.

AFFIRMED.