STATE OF NEBRASKA, APPELLEE, v. NORMAN L. HOFFMAN,
APPELLANT.

237 N. W. 2d 403

Filed January 15, 1976. No. 40060.

Leonard Dunker, for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and KUNS, Retired District Judge.

KUNS, Retired District Judge.

This is an appeal by Norman L. Hoffman, appellant, from a judgment by the District Court for Lancaster

County, Nebraska, affirming a conviction in the county court of said county, upon charges of keeping a room for gambling and of being a common gambler. We affirm the judgment.

Of numerous assignments of error, appellant argues the following: (1) Irregularity in empaneling the jury; (2) failure of the county court to instruct the jury in writing; (3) error in receiving evidence of the commission of other criminal offenses by appellant before and after the dates alleged in the complaint; (4) error in receiving in evidence a tape recording taken from appellant's possession; and (5) that the evidence was insufficient to support a finding of guilty upon either one of the two counts.

Appellant seems to argue that he was entitled to have 24 veniremen available in court from which the panel should be drawn and selected to try the case. The record does not show what, if any, objections were made by appellant before or during the empaneling of the jury. Neither does it appear whether appellant exercised all his preemptory challenges nor is there any showing of prejudice to the rights of the appellant. He cites many statutes in his brief, including some sections which were repealed before the time of the alleged offenses. We have, nonetheless, carefully examined the entire procedure as shown by the record. We find no irregularity or disregard of statutory requirements in the course of drawing, summoning, selecting, and empaneling the jury in this case. No statute requires that any particular number of jurors be present in the court; the procedure in the present case of drawing nine names from the panel on one day and five more on the next day provided a sufficient number of jurors even after the exercise of challenges. The applicable rule is stated in 47 Am. Jur., Jury, § 192, p. 783: ". . . a party or an accused has no vested right to any particular juror or jurors; all that he can insist on is an impartial jury of the requisite number in his own case and, at the most,

a substantial compliance with the statutes governing the selecting and summoning of jurors." No error has been shown in this respect.

Next, the appellant argues that the jury was not instructed in writing. The appellant himself offered exhibit 4, the court file and the transcript of the county court at the appeal hearing in the District Court, which included the written instructions. This assignment of error is without merit.

Appellant's next objection is directed toward the ruling of the court admitting evidence of the appellant's participation in poker games at places other than his residence and at times both before and after the date of the offense charged in count II. Objection was made that evidence of other offenses is not material. The general rule is that evidence of one offense is not, in and of itself, admissible to show the commission of another. State v. Knecht, 181 Neb. 149, 147 N. W. 2d 167 (1966); State v. Sharp, 184 Neb. 411, 168 N. W. 2d 267 (1969); State v. Brown, 190 Neb. 96, 206 N. W. 2d 331 (1973).

In State v. Knecht, *supra,* this court said: "It is competent for the prosecution to put in evidence all relevant facts and circumstances which tend to establish any of the constituent elements of the crime with which the accused is charged even though such facts and circumstances may prove or tend to prove that the defendant committed other crimes."

In a case involving a situation similar to the one charged here, the Tenth Circuit Court of Appeals said in United States v. Pauldino, 443 F. 2d 1108: ". . . appellants raise a question whether it was proper to admit the testimony concerning their gambling activities prior to and after their Nebraska trip. While, as we have indicated above, evidence of illegal activities other than the ones charged is not ordinarily admissible, there is an exception if the evidence establishes a *course of conduct, scheme, design or intent.* In this regard, we think there is no question but that the evidence had probative value

as proof that appellants were engaged in gambling as a *continuous enterprise.*" (Emphasis added.)

When the State alleged here that the appellant "did engage in gambling for a livelihood," such an allegation could not be established by evidence relating only to the one date mentioned in the charge. The jury needed to consider appellant's whole course of conduct and the relative importance of gambling along with other matters such as rental income and insurance commissions in the production of his income and livelihood. The charge must state a specific date of the offense within the period of limitations, but the evidence may properly cover an extended period of time. The evidence was properly received.

When the police executed a search warrant upon the appellant's residence, they seized various documents and one tape recording, all of which related to various business and gambling transactions by the appellant. When the tape recording was offered in evidence with a foundation identifying the place from which it was secured and that it was in the same condition as it was at the time of seizure, the appellant objected that such foundation was insufficient. The objection was overruled and he assigns error against such ruling. He contends that the foundation required to make a tape recording admissible in McKeeman v. Commercial Credit Equipment Corp., 320 F. Supp. 938, should also be required here. In that case, as well as in the precedents cited by the appellant where the tape recordings were made clandestinely or without the knowledge of any of the parties, the court was properly concerned that the foundation should be sufficient to show that the recording was made under circumstances showing its accuracy. On the other hand, when the tape recording is retained by one of the persons participating in the recorded conversation and kept by him with other documents reflecting business transactions in which he was engaged, it is no longer necessary to show the foundation stated

in McKeeman v. Commercial Credit Equipment Corp., *supra*. It is unlikely that such a recording would be retained if it were inaccurate or not authentic. When appellant testified, he did not deny that he was in possession of the tape or raise any question about its genuineness, but freely conceded that he had held the conversations recorded upon the tape. The foundation for the admission of the tape recording was sufficient and the objection was properly overruled.

Finally, the appellant argues that the evidence was insufficient to support the finding of guilty upon either one of the two counts of the charge. Much evidence was given concerning the description of appellant's home, the gambling materials found therein, and his participation in gambling activities in various places and over a long period of time. In addition, the appellant himself testified that he liked to gamble and that he took bets upon various sports events; he also stated that he had secured a federal gambling stamp and that for the year 1972, he paid a tax in the amount of $5,000, being 10 percent of a total of $50,000 in bets made by him. The verdict of the jury finding the appellant guilty upon each count is amply supported by the evidence.

The judgment of the District Court affirming the conviction in the county court is correct.

AFFIRMED.