STATE OF NEBRASKA, APPELLEE, v. DANIEL W. KING, APPELLANT.

250 N. W. 2d 655

Filed February 23, 1977. No. 40853.

Judy L. Raetz, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The defendant was charged with felonious destruction of personal property. He pled not guilty to the charge. A jury trial was had and a verdict of guilty rendered. The defendant's motion for a new trial was overruled and he now appeals. We affirm the judgment of the District Court.

The factual background of this case is briefly as follows: On the night of December 31, 1975, the defendant picked up a friend, Anthony Jones, and the two drove to Alliance, Nebraska. They drove around Alliance for several hours, drinking beer. Then they returned to Hemingford, Nebraska, arriving around 2 a. m. Jones testified that the defendant and he discussed and agreed to steal a firetruck from the Hemingford Rural Fire District as a prank. The defendant drove to near the fire station and let Jones off, who then took the firetruck and drove it out of town and over the bank of a dam. Jones then met up again with the defendant and the two returned to town.

The sole question presented in this appeal is whether the District Court erred in refusing to permit the defendant to introduce evidence of his reputation for truth and veracity.

During cross-examination, the defendant admitted that during the course of his testimony, and as to previous written statements, he had made several inconsistent statements, and admitted that portions of his previous testimony and prior statements were false. Thereafter, the defendant attempted to call a witness who would have testified as to the defendant's reputation for truthfulness and veracity. This offer of evidence was refused by the District Court.

Section 27-608(1), R. R. S. 1943, provides: "(1) The credibility of a witness may be * * * supported by evidence in the form of reputation or opinion, but subject to these limitations: (a) the evidence may refer only to character for truthfulness * * * and (b) evi-

dence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."

Section 27-608, R. R. S. 1943, is part of the Nebraska Rules of Evidence, adopted by our Legislature in 1975. Section 27-608, R. R. S. 1943, was designed to be in accordance with the long-standing common law rule that character evidence in support of credibility is admissible only after the witness' character has first been attacked. See McCormick on Evidence, § 49, p. 105 (2d Ed., 1972).

The defendant argues that the State's cross-examination, during which inconsistent statements made by the defendant were brought out, constituted an attack upon his credibility and that he should have been allowed to bring in evidence supporting his credibility. The State argues that pointing out inconsistent statements of the defendant does not constitute an attack upon his credibility as contemplated by section 27-608, R. R. S. 1943, and thus the defendant was not entitled to introduce evidence concerning his reputation for truth and veracity.

At common law there were three viewpoints concerning the admissibility of evidence of a witness' reputation for truth and veracity after that witness had been impeached by evidence of inconsistent statements. Some jurisdictions held that where a witness testified, and the opposite party, either on cross-examination of the witness or by the introduction of independent testimony, impeached the witness by proof that he made contradictory and inconsistent statements out of court, it was competent to corroborate him by evidence of his general reputation for truth and veracity. See, Annotation, 6 A. L. R. 862, and cases cited therein. This is the defendant's position.

Other jurisdictions held that testimony as to the truth and veracity of a witness was not admissible unless the witness' reputation in this respect had been as-

sailed and that questioning his credibility by showing that he had made inconsistent statements was only a contradiction of his testimony and not an impeachment of his truthfulness. Under such circumstances, these courts held that sustaining testimony should be excluded. See, Annotation 6 A. L. R. at p. 878, and cases cited therein. This is the position of the State.

Kansas appears to have followed neither of the above views, holding that by showing contradictory statements the credibility of a witness is directly attacked and testimony as to his reputation for truth and veracity is admissible in the sound discretion of the trial court. Colvin v. Wilson, 100 Kan. 247, 164 P. 284, 6 A. L. R. 859 (1917); Annotation, 6 A. L. R. at p. 887.

For a general discussion of this issue, see, 98 C. J. S., Witnesses, § 623, p. 637; 81 Am. Jur. 2d, Witnesses, § 638, p. 645; McCormick on Evidence, § 49, p. 105 (2d Ed., 1972).

The State urges us to adopt the position that under section 27-608(1), R. R. S. 1943, a showing that the witness made inconsistent statements is not an attack upon his credibility, thus precluding the introduction of evidence concerning the witness' reputation for truth and veracity. The defendant urges us to adopt the opposite position, that a showing the witness made inconsistent statements is an attack upon his credibility and that evidence concerning the witness' reputation for truth and veracity may be introduced.

Section 27-102, R. R. S. 1943, states: "These rules shall be construed to secure fairness in administration, elimination of unjustifiable expense and delay, and promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined."

Rather than adopting a hard and fast rule concerning the admissibility of evidence of a witness' reputation for truth and veracity under these circumstances, we find that the general approach to this problem taken

by the Kansas Supreme Court which emphasizes the discretion of the trial court is preferable. As stated in. McCormick on Evidence, § 49, p. 107: "Convenient as automatic answers to these seemingly minor trial questions may be, surely it is unrealistic to handle them in this mechanical fashion." A more sensible view is the notion that the judge should consider in each case whether the particular impeachment for inconsistency and the conflict in testimony or either of them, amounts in net effect to an attack on character for truth and should exercise his discretion accordingly to admit or exclude the character support.

"Determination of admissibility generally rests within the sound discretion of the trial court." State v. Brown, 190 Neb. 96, 206 N. W. 2d 331 (1973). The reception of evidence collateral to any issue in the case intended to affect the credibility of a witness falls within the discretion of the trial court and, absent an abuse of discretion, is not grounds for reversal. State v. Zobel, 192 Neb. 480, 222 N. W. 2d 570 (1974); Hampton v. Struve, 160 Neb. 305, 70 N. W. 2d 74 (1955). We have also held that: "* * * the admission of prior consistent statements, after a witness has been impeached with a prior inconsistent statement, is largely a matter within the discretion of the trial court. Anderson v. Evans, 168 Neb. 373, 96 N. W. 2d 44." Siciunas v. Checker Cab. Co., Inc., 191 Neb. 766, 217 N. W. 2d 824 (1974). There is nothing in section 27-608(1), R. R. S. 1943, which removes or diminishes the large amount of discretion traditionally accorded the trial judge over the admissibility of evidence.

We hold that under section 27-608(1), R. R. S. 1943, whether a showing of inconsistent statements by the witness is an attack on the credibility of the witness, and whether or not, after such a showing, evidence of the witness' reputation for truth and veracity should be admitted, are matters for the sound discretion of the trial court.

We have reviewed the record before us and find no abuse of discretion by the District Court in refusing the testimony offered by the defendant concerning his reputation for truth and veracity.

The judgment of the District Court is correct and is affirmed.

AFFIRMED.