STATE OF NEBRASKA, APPELLEE, v. FLOYD M. WALKER, APPELLANT.

263 N. W. 2d 454

Filed March 8, 1978. No. 41584.

L. William Kelly, III, of Kelly, Kelly & Kelly, for appellant.

Paul L. Douglas, Attorney General, and Chauncey C. Sheldon, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

BOSLAUGH, J.

The defendant was charged in one information with sexual assault in the first degree and burglary. The first count alleged an assault that took place on October 8, 1976. The second count alleged a burglary with intent to commit rape on January 7, 1977. The jury returned a verdict of guilty on both counts. The defendant was sentenced to imprisonment for 3 years on each count, the sentences to run concurrently.

The defendant has appealed and contends that the trial court erred in overruling his motion to sever and that the evidence is not sufficient to support the convictions.

The evidence shows a man answering the description of the defendant entered a mobile home in Grand Island, Nebraska, on October 8, 1976, and forcibly had sexual intercourse with the complaining witness named in count I of the information. The defendant threatened to harm the complaining witness if she resisted him and held a pillow over her head during the act.

On January 7, 1977, the defendant was discovered in the bedroom of the complaining witness named in

count II of the information. The defendant was holding a pillow over the head of the complaining witness when the mother of the complaining witness entered the room and discovered the defendant. The defendant then fled from the scene. He was recognized because he and his wife had employed the complaining witness as a babysitter on a number of previous occasions.

After the defendant had been arrested for the January 7, 1977, offense, he was identified in a lineup by the complaining witness named in the first count. The identification was based largely on voice but the defendant was also identified by his profile and certain physical characteristics.

The defendant denied that he had been in the mobile home of the complaining witness named in count I and claimed that he was at home in bed at the time of that offense. The defendant admitted he had entered the home of the complaining witness named in count II but claimed he wanted to use the telephone and was trying to awaken the complaining witness when he was discovered by the mother of the complaining witness. The evidence of the State was substantial and, if believed, was clearly sufficient to support a finding of guilt beyond a reasonable doubt on both counts.

With respect to the motion to sever, section 29-2002, R. R. S. 1943, provides that two or more offenses may be charged in the same information if the offenses charged are of the same or similar character. The statute further provides that if it appears the defendant would be prejudiced by a joinder of offenses the court may order the charges be tried separately.

The offenses charged in this case were of a similar nature although charged under different sections of the statutes. Count I involved a completed sexual assault while count II involved an attempt. The fact that approximately 90 days intervened between the

two offenses is not controlling. In State v. Nance, 197 Neb. 95, 246 N. W. 2d 868, we cited State v. Baker, 49 N. J. 103, 228 A. 2d 339, in which the offenses had been committed nearly 2 months apart.

There was no prejudice to the defendant from the joinder in this case because evidence relating to both offenses would have been admissible in a trial of either offense separately. On count I there was an issue of identification. Evidence as to the method used by the defendant on the occasion of the offense charged in count II would have been admissible on the issue of identification. Evidence which tends to show a course of conduct, scheme, or design is admissible to prove identity although such evidence relates to other offenses. State v. Hoffman, 195 Neb. 200, 237 N. W. 2d 403; State v. Moore, 197 Neb. 294, 249 N. W. 2d 200. See, also, 22A C. J. S., Criminal Law, § 684, p. 756.

On count II there was an issue as to intent. Evidence of the previous sexual assault would have been admissible under the rule that evidence of a similar offense is admissible where an element of the crime charged is motive, criminal intent, or guilty knowledge. State v. Ray, 191 Neb. 702, 217 N. W. 2d 176.

The judgment of the District Court is affirmed.

AFFIRMED.