STATE OF NEBRASKA, APPELLEE, v. PAT L. CLASSEN, APPELLANT.

275 N. W. 2d 91

Filed February 6, 1979. No. 42167.

Robert E. Sullivan of Haessler, Sullivan & Inbody, for appellant.

Paul L. Douglas, Attorney General, and Judy K. Hoffman, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and BLUE, District Judge.

BLUE, District Judge.

Defendant, Pat L. Classen, was convicted by a jury of the crime of breaking and entering. A motion for new trial was filed and overruled. An appeal was taken to this court.

The evidence at the trial was that sometime between 6:30 p.m., on October 11, 1976, and 6:45 a.m., on October 12, 1976, a grain bin on the Gary Odvody farm near Malmo, Nebraska, was broken into and a quantity of soybeans was removed therefrom. Gary Odvody discovered the burglary and testified that a chain, which was on a gate of a fence protecting the grain bin, was cut and that a number of tools were missing.

There was testimony from several law enforcement officers that they had been conducting surveillance of defendant's pickup and of a pickup belonging to a Ricky L. Jones on the evening of October 11 and the morning of October 12, 1976. The officers lost contact with the vehicles. Defendant's vehicle was last seen at about 2 a.m., on October 12, at a spot 27 to 28 miles from the scene of the crime. The defendant's pickup was found abandoned on a county road in Cass County on October 14, 1976.

A state patrol investigator testified that bolt cutters found in the abandoned vehicle of defendant were the ones that cut the chain on the gate near the grain bin.

Certain tools were found in the pickup truck of Ricky L. Jones and were identified as coming from the Odvody farm.

A quantity of soybeans was found in defendant's truck along with remnants of Sico Craft paper which was similar to that which was inside the grain bin on the Odvody farm. Grain receipts for soybean sales on October 12, 1976, issued to defendant were admitted into evidence.

Ricky L. Jones testified that the defendant had been with him when Jones was caught and subsequently convicted of stealing soybeans in Otoe County, Nebraska, prior to October 12, 1976.

Defendant claims the District Court erred in admitting certain exhibits "since the State failed to show any connection between such evidence and the defendant." Specifically, he claims that exhibits 1 to 11 (tools discovered missing from the site of the burglary simultaneously with the discovery of the burglary); exhibit 12 (bolt cutters identified as those used to cut the chain on a fence which blocked entry to the site of the burglary); and exhibit 14 (soybeans and Sico Craft paper remnants found in the defendant's pickup) were inadmissible in that they were irrelevant evidence.

Section 27-401, R. R. S. 1943, states: "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." See, also, Rickertsen v. Carskadon, 169 Neb. 744, 100 N. W. 2d 852 (1960); Herman v. Midland Ag Service, Inc., 200 Neb. 356, 264 N. W. 2d 161 (1978).

We believe that the exhibits challenged in this ap-

peal fall within the foregoing statutory definition.

As to the bolt cutters, which defendant claims are irrelevant, the evidence is that the defendant's vehicle was observed in the general area of the crime the evening the crime was committed. The bolt cutters, according to the opinion of the expert witness, were used to cut the chain and the bolt cutters were found in defendant's pickup 2 days after the crime occurred.

The bolt cutters, together with the foregoing evidence, tended to make more probable the fact that the bolt cutters were used to cut the chain and further that it was Classen who used them for this purpose. Therefore, the bolt cutters were relevant.

Classen makes similar objections to the admissibility of soybeans and Sico Craft paper also found in his pickup truck, i.e., that there was no connection between those items and himself. We believe that this evidence was also relevant. First, as noted previously, the defendant was observed, on the evening of the crime in question, driving his pickup truck approximately 27 miles from the scene of the crime. Second, the morning following the crime, 100 to 200 bushels of soybeans were discovered to have been stolen. It was further observed that pieces of tar paper lining the grain bin floor had been torn away. A trail of beans between the tire tracks leading away from the bin was also observed. Only 2 days later, the defendant's pickup truck was impounded and not only were beans and fragments of Sico Craft paper observed in his truck, but a small hole in the bottom of the box towards the front was also observed. A forensic chemist testified at trial that he found nothing that would make the fragments of the Sico Craft paper found in Classen's pickup dissimilar to the samples of tar paper taken from the bin at the scene of the crime. On the day following the crime, there is evidence that Classen sold two loads (110 bushels) of soybeans to the Ben-

son Feed Mill at Ralston, Nebraska.

The defendant argues that the tools which were stolen from the site of the burglary, and later found in Ricky Jones' pickup truck, were inadmissible because no connection was made between the tools and the defendant. However, again the record is sufficient to establish the proper foundation for the admission of this evidence. Mr. Jones admitted in his testimony that he was charged with the same crime that was the subject matter of the defendant's trial and that, to this charge, he entered a plea of guilty to petit larceny. Mr. Jones further testified the defendant had requested to use Jones' pickup truck and on the morning following the occurrence of the crime in question, Jones found his pickup truck had been moved. Approximately 2 days following the occurrence of the crime, when the Jones pickup truck was impounded, authorities discovered in the vehicle not only the tools stolen from the scene of the crime, but also soybeans and scraps of Sico Craft paper. Mr. Jones testified at trial that he didn't believe the tools were in his pickup truck prior to the night his vehicle had been borrowed. The fact that the stolen tools, along with the soybeans and Sico Craft paper, were found in the pickup truck which Classen had asked to borrow, and which was used on the evening of the crime, certainly makes it more probable that it was Classen who used this vehicle to commit the crime in question. This is especially so when it is remembered that there was additional evidence connecting Classen to the scene of the crime, i.e., the bolt cutters, soybeans, and Sico Craft paper found in the vehicle.

The defendant's contention that the tools should not have been admitted is without merit.

The defendant claims he was prevented from having a fair trial because the District Court, over the objection of the defendant, permitted Ricky L. Jones to testify as to a previous alleged act of the defend-

ant of stealing beans in Otoe County, Nebraska. On direct examination, the prosecuting attorney asked Mr. Jones: "Prior to October of '76, were you charged and convicted of a similar charge of taking soybeans from a grain bin?" Mr. Jones replied in the affirmative, and when asked whether he was alone or with someone else when this occurred, Mr. Jones replied that the defendant, Mr. Classen, was with him.

This court has previously stated: "The decision to receive evidence which may show that the defendant has committed crimes other than the one charged in the information, where such evidence shows intent, motive, knowledge, or a course of conduct is one left largely to the discretion of the trial court, * * *" State v. Costello, 199 Neb. 43, 256 N. W. 2d 97 (1977). Section 27-404 (2), R. R. S. 1943, provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

In accord with the exceptions enumerated in the foregoing evidentiary statute, the trial court overruled Classen's objection to Jones' testimony regarding the similar prior conviction for the reason that said evidence was properly admissible to show intent, plan, or motive of Classen for the particular crime charged. The jury was so instructed and properly so.

The admission of Mr. Jones' testimony by the trial court is further supported by this court's decision in State v. Moore, 197 Neb. 294, 249 N. W. 2d 200 (1976). In Moore, the defendant averred that the trial court improperly admitted into evidence testimony regarding a robbery committed by the defendant almost 1 month prior to the robbery for which he was

being tried. Finding that testimony concerning the previous robbery was relevant, material, and properly admissible, this court reviewed its previous pronouncements, all of which are equally applicable to the case at bar, to wit:

"We have held that evidence of a separate and distinct crime committed by the accused is admissible in the prosecution of a crime that has an element of a motive, criminal intent, or guilty knowledge. Sall v. State, 157 Neb. 688, 61 N. W. 2d 256 (1953). Where prior offenses of the accused are sufficiently similar to the one charged in the case on trial so that the evidence thereof has probity as to intent, motive, or knowledge, such evidence may be received, and the issue of whether such evidence should be received is generally one left to the discretion of the trial court. Sall v. State, *supra*. See, also, State v. Ray, 191 Neb. 702, 217 N. W. 2d 176 (1974); State v. Kirby, 185 Neb. 240, 175 N. W. 2d 87 (1970); State v. ·Hoffmeyer, 187 Neb. 701, 193 N. W. 2d 760 (1972); State v. Rich, 183 Neb. 128, 158 N. W. 2d 533 (1968). Another exception to the general rule is that the evidence of another crime is admissible if it establishes a course of conduct, scheme, design, or intent. State v. Hoffmeyer, *supra*. Finally, evidence of another crime is admissible if it is relevant to establishing the identity of the accused. State v. Sharp, 184 Neb. 411, 168 N. W. 2d 267 (1969); State v. Brown, 190 Neb. 96, 206 N. W. 2d 331 (1973)." State v. Moore, *supra*.

Ricky Jones' testimony regarding the prior theft of soybeans revealed substantial similarities to the crime for which Classen was being tried. More specifically, the commission of both offenses included the theft of soybeans from an abandoned farm during the nighttime, when the beans were shoveled into pickups. Hence, that evidence tended to establish Classen's method of operation, scheme, and design. It was therefore admissible.

The defendant alleges the verdict was contrary to

law and not sustained by sufficient evidence. He claims that the evidence was circumstantial.

"The test of the sufficiency of circumstantial evidence in a criminal prosecution is whether the facts and circumstances tending to connect the accused with the crime charged are of such a conclusive nature as to exclude to a moral certainty every rational hypothesis except that of guilty." State v. Journey, 201 Neb. 607, 271 N. W. 2d 320 (1978).

The evidence in this case was sufficient to support the jury finding of guilt, even though the evidence was largely circumstantial. There is no rational hypothesis other than the guilt of the defendant.

The judgment is affirmed.

AFFIRMED.