STATE OF NEBRASKA, APPELLEE, V. WILLIS B. BROMWICH, APPELLANT.

331 N.W.2d 537

Filed March 25, 1983. No. 82-357.

Lynn B. Lamberty of Grimminger, Milner & Lamberty, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and WARREN, D.J.

WHITE, J.

The defendant-appellant, Willis B. Bromwich, appeals from his conviction in the District Court on a charge of felony motor vehicle homicide under Neb. Rev. Stat. § 28-306(1) and (3) (Reissue 1979) and Neb. Rev. Stat. § 39-669.01 (Reissue 1979) for the death of Lyle D. Curley. The assignments of error are: (1) The trial court erred by trying the case on stipulated facts without first determining whether the appellant entered into the stipulation intelligently and voluntarily; (2) The trial court erred by disregarding the stipulated facts of counsel; (3) The trial court erred by admitting irrelevant evidence which prevented the appellant from receiving a fair trial; (4) The trial court erred by retaining in its possession letters from the family of the deceased prior to the determination of guilt without disclosing that fact to defense counsel; and (5) The trial court erred by imposing an excessive sentence. We affirm.

On August 30, 1981, at approximately 2:45 p.m.,

the appellant was southbound in his pickup truck on a gravel road in Holt County, Nebraska. The speed of the appellant's pickup was stipulated to be 60 to 62 miles per hour. Lyle Curley was in an eastbound automobile with four other passengers. The two roads upon which the two vehicles were traveling intersected, with stop signs for the north-south traffic. The appellant failed to stop at the stop sign and skidded 124 feet before colliding with the Curley vehicle. As a result of the collision Lyle Curley was killed and several of the passengers in the automobile were severely injured.

At the preliminary hearing the State put several expert witnesses on the stand and appellant's counsel conducted extensive cross-examination of each.

At a trial without a jury the parties stipulated that (1) the preliminary hearing transcript would be allowed as evidence at trial, (2) appellant was operating the pickup at the time of the accident, (3) the pickup was traveling at a speed of 60 to 62 miles per hour prior to impact or braking, (4) the pickup left 124 feet of skid marks and skidded through the stop sign at the intersection, and (5) the proximate cause of Lyle Curley's death was the collision.

In addition to the stipulated evidence the prosecution offered photos of the accident scene and a certified abstract of the appellant's past driving record. The photos were received and the abstract came in over an objection to its relevance. No other evidence was introduced by either side.

In this appeal the appellant asserts that counsel in a criminal case may not waive his client's fourteenth amendment right of the U.S. Constitution of confrontation by stipulating to the admission of evidence unless the trial court first determined that the defendant entered into the stipulation intelligently and voluntarily. As authority for his position the appellant cites *Barber v. Page,* 390 U.S. 719, 88 S. Ct. 1318, 20 L. Ed. 2d 255 (1968), and *Pointer v.*

*Texas,* 380 U.S. 400, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965), which hold that the right of confrontation and cross-examination is an essential and fundamental requirement for a fair trial.

This sixth amendment right of the U.S. Constitution of an accused to confront the witnesses against him is a fundamental right made obligatory on the states by the fourteenth amendment. *Dutton v. Evans,* 400 U.S. 74, 91 S. Ct. 210, 27 L. Ed. 2d 213 (1970). However, it has been consistently held that the accused may waive his right of confrontation and that the waiver of this right may be accomplished by the accused's counsel as a matter of trial tactics or strategy. *United States v. Goldstein,* 532 F.2d 1305 (9th Cir. 1976), *cert. denied* 429 U.S. 960, 97 S. Ct. 384, 50 L. Ed. 2d 327.

Counsel in a criminal case may waive his client's fourteenth amendment right of confrontation by stipulating to the admission of evidence if the attorney's decision is a legitimate trial tactic and the defendant does not dissent from the decision. *United States v. Stephens,* 609 F.2d 230 (5th Cir. 1980).

The appellant in this case admitted to the truth of the stipulated facts in open court, and there is no evidence that he dissented from his attorney's decision to enter into the stipulations. It would also be difficult for us to find in hindsight that counsel's decision in this matter was not part of a prudent trial strategy or tactic. Counsel may very well have concluded that he was better off to try the case on the preliminary hearing testimony rather than parade further live expert witness testimony before the trial court which could have been augmented to a greater extent than in the preliminary hearing.

Appellant has analogized the waiver of confrontation right to the waiver of trial by jury by entering a guilty plea under *Boykin v. Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). The appellant urges this court to impose a duty upon our trial courts to question each defendant prior to the ac-

ceptance of stipulated evidence in order to insure that a waiver of the confrontation right is effected personally by an accused who is acting intelligently and knowledgeably. We are reluctant to place further procedure upon an already overburdened trial court. Carried to its logical conclusion, appellant's argument would require the trial court to instruct an accused every time counsel makes a decision not to cross-examine an adverse witness. On these facts we find no grounds for reversal.

Appellant's second assignment is that the trial court erred in disregarding the stipulated facts of counsel as to speed. While there is evidence in the record that the trial judge considered the .60 to 62 miles per hour to be a minimum speed rather than the exact speed as agreed to by the parties, he was perfectly justified in so doing because the parties also stipulated that the preliminary hearing testimony was admitted. At the preliminary hearing the State's expert in vehicle speed testified that the 60- to 62-miles-per-hour speed that he fixed for the appellant's vehicle was at the minimum range of possible speeds prior to impact or braking. Thus, it was more of a case of one stipulation supplementing another rather than the trial judge totally disregarding a stipulation of the parties. We therefore find that the court was entitled to take into consideration the additional testimony with regard to speed.

The appellant contends that the trial judge erred in admitting an abstract of the appellant's driving record. The abstract showed that appellant's license had been suspended prior to the collision, in addition to his past driving violations. Defense counsel objected on the ground that the exhibit was irrelevant to the charge.

Neb. Rev. Stat. § 27-401 (Reissue 1979) defines relevance as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

probable or less probable than it would be without the evidence."

" 'Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.' " *State v. Classen,* 202 Neb. 324, 329, 275 N.W.2d 91, 94 (1979).

In the instant case it was error for the trial court to admit the abstract of the appellant's past driving record. The abstract had no probative value one way or the other as to whether the appellant drove his vehicle with indifferent or wanton disregard for the safety of persons or property on August 30, 1981. Rather, the abstract was more in the nature of evidence of other crimes or wrongs offered to prove the character of a person in order to show that he acted in conformity therewith.

However, the admission of irrelevant evidence is not reversible error unless there is prejudice to the defendant or he is prejudiced from having a fair trial. *Classen, supra.* In the present case we would be hard pressed to find that the appellant was prejudiced by the admission of the abstract because of the ample amount of evidence remaining to substantiate the charge that he drove his vehicle with indifferent or wanton disregard for the safety of persons or property in violation of the statute.

The automobile driven by Lyle Curley was visible 642 feet north of the intersection protected by stop signs. The appellant failed to stop at the stop sign and left 124 feet of skid marks before colliding with the Curley vehicle while exceeding the speed limit. We therefore conclude that the trial court's allowance of the abstract into evidence did not prejudice the right of appellant to a fair trial.

We also find appellant's position that the trial court erred by retaining in its possession letters

from the family of the deceased prior to the determination of guilt without disclosing that fact to defense counsel to be untenable. Appellant makes a bare assertion without any showing of prejudice by the trial court.

It is well settled that the judgment of the District Court is presumed correct, and the party assailing same has the burden of pointing out specifically the rulings of which he complains and the mistakes made by the court. *Smith v. Damato,* 172 Neb. 811, 112 N.W.2d 21 (1961).

Trial judges are not required to sequester themselves from the media or private communication in the same manner as a juror might be. A judge does not become disqualified or prejudice the rights of an accused to a fair trial merely because someone sends him a letter.

After the trial judge pronounced the appellant guilty in this case, he properly informed defense counsel that he had received letters from the victim's family, permitted counsel to examine them, and directed that they be included in the presentence investigation. There is no evidence in the record that the trial court considered the letters in reaching its decision as to guilt or innocence.

Appellant also argues that his sentence is excessive. The trial court sentenced appellant to not more than 5 years nor less than 20 months and a fine of $10,000.

Appellant's first traffic violation occurred 1 month after his 16th birthday when he was charged and convicted of careless driving. Subsequently, appellant had two convictions for drag racing, six for speeding, two for reckless driving, two for having no driver's license on his person, and two for driving under a suspended license. Appellant was also driving on a suspended license at the time of the accident at issue in the case at bar, and had had six prior accidents, not including this one. The trial

court clearly did not abuse its authority in imposing the maximum sentence.

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion on the part of the trial court. *State v. Parks,* 212 Neb. 635, 324 N.W.2d 673 (1982).

AFFIRMED.