STATE OF NEBRASKA, APPELLEE, v. BENJAMIN BOLDEN, APPELLANT.

243 N. W. 2d 162

Filed June 23, 1976.  No. 40450.

Fred J. Swihart, for appellant.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant appeals from a sentence to 4 years imprisonment for robbery.  His assignments of error relate to the evidence at the preliminary hearing, his

identification by the prosecuting witness, and a requested instruction which was refused.

The defendant contends the trial court erred in overruling his plea in abatement challenging the sufficiency of the evidence at the preliminary hearing to support a finding of probable cause. We have recently held that any error in such a ruling is cured if the evidence at the trial is sufficient to sustain a finding of guilty. State v. Franklin, 194 Neb. 630, 234 N. W. 2d 610.

The State produced evidence that Joseph Hartnett, a clerk in Lee Sittler's Off-Sale Beer Store, was robbed at gunpoint at about 5:30 p.m. on March 5, 1975. The beer store is located near the intersection of Van Dorn Street and Southwest 6th Street in Lancaster County, Nebraska. The robber was a black man approximately 5 feet 10 inches tall and weighing about 160 pounds. He was wearing a red mask across his face, a light green jacket, and a brown hat at the time of the robbery. A customer coming into the beer store just after the robbery saw a black man about 5 feet 10 inches tall and wearing a light colored jacket run across the parking lot and in front of a car on Van Dorn Street and then south on Southwest 6th Street. At about the same time another witness saw a black man, wearing an army jacket and running south on Southwest 6th Street, get into a blue Volkswagen automobile, which turned around and then proceeded south on Southwest 6th Street at a high rate of speed.

At about 5:40 p.m. on the same date, a deputy sheriff was at 5430 Limestone Road, in Lancaster County, attempting to make service of some papers in a civil action. He observed a blue Volkswagen automobile occupied by two black males drive in the driveway at 5431 Limestone Road.

The residence at 5431 Limestone Road was occupied by Marcia Carroll and Bruce Robinson, a black man. The defendant and his wife were staying at this address on March 5, 1975. The residence was placed under sur-

veillance by the sheriff's office that evening. When the defendant was observed leaving the property he was followed and apprehended on State Highway No. 2 near 84th Street. He was taken to the sheriff's office, photographed and questioned, and then released.

On March 8, 1975, a number of checks stolen in the robbery were found in trash that had been picked up at 5431 Limestone Road. The checks had been torn into small pieces and placed in a plastic bag with other trash.

Bruce Robinson testified that he was driving the blue Volkswagen automobile owned by Marcia Carroll on March 5, 1975. Sometime after 4:30 p.m. he stopped near Lee Sittler's Off-Sale Beer Store and the defendant got out of the automobile. According to Robinson, the defendant said he was going to get some beer and cigarettes. Robinson returned about 10 minutes later and picked up the defendant, who had been running, at a point about a block south of the beer store. The defendant had some cigarettes but no beer.

Another witness testified that he played cards with the defendant at 5431 Limestone Road on March 5, 1975. The defendant had a small revolver in his possession on March 5, 1975, and stated that "He wanted to make some money" by "Robbing something or somebody." A prisoner who was in jail with the defendant testified the defendant said he had robbed a liquor store while carrying a weapon and wearing a red mask. He further testified the defendant said he had given his friend some checks stolen in the robbery to be disposed of.

The defendant was arrested at Hannibal, Missouri, on March 11, 1975. A pair of children's red leotards with the legs tied together was found in the trunk of the defendant's automobile at the time of his arrest. The defendant testified the leotards was not the mask used in the robbery.

There is other evidence which tended to connect the defendant with the robbery but it is unnecessary to sum-

marize it here. Joseph Hartnett identified the defendant as the robber. The evidence considered as a whole was clearly sufficient to support a finding of guilty beyond a reasonable doubt.

The defendant's principal assignment of error relates to the identification testimony of Hartnett. When the defendant was taken to the sheriff's office on March 5, 1975, the police were unable to arrange for a lineup, so the defendant was photographed. Two photographs of the defendant together with four file photographs or mug shots of two other black men were shown to Hartnett that night. He was unable to identify the defendant from these photographs.

About 6 days later Hartnett was shown photographs of three black men wearing a red mask. Hartnett identified the defendant from one of these photographs. Hartnett made a positive identification of the defendant at the trial.

At the time Hartnett was shown the photographs of the defendant and two other men wearing masks, the officer stated that "one of them was a suspect." Hartnett testified that "this information" given him by the officer helped Hartnett make the identification at the trial. The officer also stated that the photographs shown to Hartnett on the night of the robbery had included photographs of the same man.

The defendant contends the pretrial identification by Hartnett was the result of procedures which were unnecessarily suggestive and conducive to a substantial likelihood of irreparable misidentification. See Neil v. Biggers, 409 U. S. 188, 93 S. Ct. 375, 34 L. Ed. 2d 401. As a result, the defendant contends the identification testimony by Hartnett should have been excluded.

The objection focuses on the statement by the officer that one of the men in the photographs shown to Hartnett was a suspect. We do not believe this made the testimony of Hartnett inadmissible. When photographs are shown to a victim by the police after a crime it is

implicit that one or more of the photographs are pictures of persons whom the police believe may have committed the offense. McClain v. State, 44 Ark. 33, 444 S. W. 2d 99; Drewry v. Commonwealth, 213 Va. 186, 191 S. E. 2d 178. The officer did not in any way suggest which photograph or photographs were of the suspect or give any indication why the person in the photograph was suspected of having committed the robbery. We believe the evidence went to credibility and the objection to Hartnett's testimony was properly overruled. State v. Tramble, 187 Neb. 488, 191 N. W. 2d 822.

The last assignment of error relates to a requested instruction. The defendant submitted an instruction which stated the defendant contended "he was framed by persons and circumstances" and if the evidence created a reasonable doubt as to any element of the offense it was the duty of the jury to return a verdict of not guilty. The instruction was not given.

The trial court did instruct on the presumption of innocence, the burden of proof, reasonable doubt, the scrutiny to be made of the testimony of an accomplice and eyewitness identification testimony, and the circumstantial evidence rule. These instructions were adequate and covered the same matters as the instruction requested by the defendant. The trial court may refuse a requested instruction where the substance of the request is covered in the instructions given. State v. Bartlett, 194 Neb. 502, 233 N. W. 2d 904.

The judgment of the District Court is affirmed.

AFFIRMED.