STATE OF NEBRASKA, APPELLEE, V. EDGAR BEAR RUNNER,
APPELLANT.

252 N. W. 2d 638

Filed April 20, 1977.  No. 40971.

Charles Plantz and Wade H. Eldridge, Jr., for appellant.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

Defendant, Edgar Bear Runner, appeals from a judgment of conviction entered on a jury verdict finding him guilty of assault on a police officer. Defendant sets out 11 assignments of error, only 6 of which are argued in the brief. Under the rules of this court only errors assigned and discussed in the brief will be considered. Rule 8a 2(3), Revised Rules of the Supreme Court, 1974. The assignments will be noted and discussed in the same order as they appear in the defendant's brief. We affirm.

The incident resulting in the charge occurred on the evening of March 1, 1976, in Gordon, Nebraska. Officers Etzelmiller and Jensen of the Gordon police force received a radio report of a fight in front of a bar in downtown Gordon. When they arrived on the scene there was no fight but they did observe a car driving away in an erratic manner. The officers stopped the car. The driver of the car, Leo Plenty Arrows, Jr., appeared to have been beaten recently.

Officer Etzelmiller testified he was informed by Leo Plenty Arrows that Dennis and Edgar Bear Runner had beaten him up and that they were in a car further up the street. He was also informed by Leo Plenty Arrows that they had guns. At the trial, Leo Plenty Arrows denied he told the officers who beat him up or that he pointed out any particular car.

Etzelmiller approached the car containing defendant and three other occupants and asked their names. Officer Jensen arrested the driver of the

car, Archie Two Eagles, because he believed there was a warrant outstanding for his arrest. It was later determined that there was no outstanding warrant.

Etzelmiller testified that after the arrest of Archie Two Eagles he asked the other occupants of the vehicle for the keys in order to conduct a search. Someone started to hand him the key but defendant grabbed them and asked for a search warrant. It was at this point that defendant was placed under arrest for interfering with a police officer. Defendant was placed in the patrol car.

Etzelmiller then returned to the car belonging to Archie Two Eagles. He saw someone open the door of the patrol car and the defendant got out. Etzelmiller approached defendant and told him to get back into the patrol car. Defendant hit him in the side of the face with his fist. Officer Jensen grabbed the defendant and Etzelmiller struck the defendant back. A state patrolman also helped subdue defendant and put handcuffs on him.

Edgar Bear Runner denied that he ever had the car keys. He testified Etzelmiller assaulted him with a pistol when he asked for a search warrant. He further testified when he got out of the patrol car Etzelmiller and two other officers jumped him and started hitting him. He insisted he was not swinging his fists and did not intentionally assault Etzelmiller. He testified that one of his hands might have contacted Etzelmiller as he was trying to ward off the blows. It is evident the jury did not accept the defendant's version of the affair.

Defendant first contends it was error for the trial court to refuse his request to be personally present at the conference on jury instructions. The general rule is that an accused has a right to be present at all stages of the trial where his absence might frustrate the fairness of the proceedings. Faretta v. California, 422 U. S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d

562 (1975). This court has stated: " 'Defendant has a right to be present at all times when any proceeding is taken during the trial, from the impaneling of the jury to the rendition of the verdict, inclusive, unless he has waived such right; * * *.' " Strasheim v. State, 138 Neb. 651, 294 N. W. 433 (1940). Section 29-2001, R. R. S. 1943, provides in part: "No person indicted for a felony shall be tried unless personally present during the trial."

The foregoing rules, however, do not require the defendant's presence at a conference on jury instructions. This issue was raised in United States v. Gregorio, 497 F. 2d 1253 (1974). The Court of Appeals for the Fourth Circuit held: "* * * defendant has no right founded in the common law or in the Constitution to be present in chambers while jury instructions are formulated by counsel and the trial judge."

This exact question has not arisen in Nebraska. However, in State v. Nevels, 192 Neb. 668, 223 N. W. 2d 668 (1974), we determined that no error was committed where a juror was questioned in chambers in defendant's absence when defense counsel was present. We have also held that a defendant has no constitutional right to be present at the hearing on a motion for a new trial. State v. Wells, 197 Neb. 584, 249 N. W. 2d 904 (1977). There is no merit to defendant's first assignment.

Defendant next argues that Etzelmiller was not justified in arresting him for interference because he was not justified in his demand to search the trunk of the car in which defendant was riding. Defendant contends these issues were at the heart of the controversy and the court should have ruled on his motion to suppress previous to the trial. There was no search of property belonging to the defendant. The only search was of the vehicle in which he was riding. There is no need to consider on what basis defendant could assert any standing to challenge

the search as no evidence was seized as a result of that search.

It appears that defendant's objection is not to evidence seized but whether the officer had probable cause to arrest him or, alternatively, the defendant's companion, Archie Two Eagles, prior to the assault. The question is not relevant to the question of whether or not an assault occurred. The jury, by accepting the officer's testimony, concluded that prior to the assault no force had been exercised by the officers that could be characterized as unlawful. There is no merit to defendant's second assignment.

Defendant's third assignment of error is that the court erred in allowing Etzelmiller to testify what Leo Plenty Arrows had told him. Defendant argues it was hearsay and constituted evidence of another crime which was inadmissible. As defined by section 27-801 (3), R. R. S. 1943: "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted; * * *." The statement made by Leo Plenty Arrows to Etzelmiller was not admitted for the purpose of proving the truth of the matter asserted. It was received only for the limited purpose of explaining the officer's actions and the jury was so advised. A cautionary instruction was also given to the jury.

The officers responded to a radio report of a fight. They found Leo Plenty Arrows driving his car in an erratic manner and obviously suffering from the results of a recent beating. His statements were sufficiently close in time and sufficiently spontaneous to justify the conduct of the officers in approaching the car in which the defendant was present.

We said in State v. Brown, 190 Neb. 96, 206 N. W. 2d 331 (1973): Well-established rules have developed concerning the admission of evidence of other criminal conduct. Although this evidence is generally inadmissible since it suggests that the defend-

ant has a propensity to commit crime, the trial court can, in its discretion, admit relevant evidence of other criminal acts and reversal is only commanded when it is clear the questioned evidence has no bearing upon any of the issues involved.

The questioned evidence here provided the reason why the officers approached the car in which the defendant was present. Evidence to explain the arrest of a defendant and the circumstances surrounding it, even if other crimes are disclosed, is admissible. See State v. Sharp, 184 Neb. 411, 168 N. W. 2d 267 (1969). There is no merit to defendant's third assignment.

In his fourth assignment of error, defendant objects to the giving of the following instruction: "You are instructed that Roger Etzelmiller had probable cause to arrest the defendant at the time in question." Defendant appears to focus his argument on the fact that the jury could interpret this as an instruction by the court that Etzelmiller had probable cause to arrest defendant for the assault of Leo Plenty Arrows. The defendant was arrested for interfering with a police officer. However, he was not tried on that charge. He was tried upon the charge of assaulting or resisting a police officer after his arrest.

Probable cause for the arrest was not an issue in the case. As we will point out later, the trial court correctly determined that the issue of the legality of defendant's arrest was not material. While instruction No. 15 was unnecessary, it is not prejudicial. All the instructions must be read together and if the instructions taken as a whole correctly state the law, are not misleading, and adequately cover the issues, there is no prejudicial error. State v. Ralls, 192 Neb. 621, 223 N. W. 2d 432 (1974).

From the charge and the evidence it is obvious the jury believed the defendant was interfering with the

officer's performance of his duties related to the investigation of a reported fight or disturbance in the vicinity of the tavern. Even by the defendant's testimony, there can be no doubt that he in some way interfered with that investigation. It is obvious the jury believed that defendant did in fact assault Etzelmiller. Whether or not defendant was properly under arrest, whether the officer was authorized to arrest him or had probable cause to arrest him prior to the assault, is totally irrelevant to the issue in this case. The question was whether or not the defendant forcibly assaulted or resisted a police officer. There is no merit to defendant's fourth assignment.

Defendant's fifth assignment of error is an expansion of his fourth: That the giving of instruction No. 15 assumed a controverted material fact upon which there is a conflict of testimony. This brings us to the central issue in the case: Does a person have the right to use force to resist arrest? Defendant contends that the question of probable cause for arrest is material to a determination of this issue. This clearly is not the law. Section 28-836(2), R. R. S. 1943, provides: "The use of such force is not justifiable under this section to resist an arrest which the actor knows is being made by a peace officer, although the arrest is unlawful." This section is identical to section 3.04(2)(a)(i) of the Model Penal Code.

In the comments to the Model Penal Code section, the drafters noted that while prior law may have allowed the use of force to avoid unlawful arrest, "* * * Legislative reconsideration of the issue should result in the conclusion that there ought not be a privilege to employ force against a public officer who, to the actor's knowledge, is attempting only to arrest him and subject him to the processes of law. It should be possible to provide adequate remedies against illegal arrest, without permitting the arrested person to resort to force — a course of action highly likely

to result in greater injury even to himself than the detention."

The comments continue: "The paragraph, it should be noted, forbids the use of force for the purpose of preventing an arrest; it has no application when the actor apprehends bodily injury, as when the arresting officer unlawfully employs or threatens deadly force, unless the actor knows that he is in no peril greater than arrest if he submits to the assertion of authority." Comments, Model Penal Code, Tent. Dr. No. 8, pp. 18, 19. Section 28-836, R. R. S. 1943, adequately covers these contingencies.

Defendant's last assignment of error pertains to the refusal to give his tendered instructions Nos. 7, 8, 9, 10, 11, and 12.

Defendant's instructions Nos. 7, 8, and 9 were adequately covered in the instructions given by the court. The trial court may refuse to give a requested instruction where the substance of the request is covered in the instructions given. State v. Bolden, 196 Neb. 388, 243 N. W. 2d 162 (1976).

Requested instructions Nos. 10, 11, and 12 are not applicable to this case. These instructions are based on section 28-839, R. R. S. 1943, which sets out what force is justifiable when making an arrest. This section is designed to provide protection to law enforcement officers in criminal prosecutions, and it would be erroneous to apply it in this case. This is made clear by section 28-843, R. R. S. 1943, which provides that justification is an affirmative defense. Error may not be predicated on the refusal to give an instruction which either erroneously or only partially covers the applicable law. State v. Boss, 195 Neb. 467, 238 N. W. 2d 639 (1976). There is no merit to defendant's fifth assignment.

In the discussion on the failure to give the tendered instructions defendant also objects to the giving of instruction No. 13. Defendant states in his brief that the instruction was "that one cannot use

force to resist any arrest, even an unlawful one, if one knows he is being arrested by a law enforcement officer." The actual wording of the instruction was: "The use of force is not justifiable to resist an arrest which the actor knows is being made by a law enforcement officer." This was a correct statement of the law as noted earlier. § 28-836, R. R. S. 1943.

There is no merit to any of the assignments discussed by the defendant. The judgment is affirmed.

AFFIRMED.