State of Nebraska, appellee, v.
Ryan L. Poe, appellant.
___ N.W.2d ___

Filed November 6, 2015.    No. S-14-1106.

1. **Postconviction: Evidence.** In an evidentiary hearing on a motion for
   postconviction relief, the trial judge, as the trier of fact, resolves con-
   flicts in the evidence and questions of fact.
2. **Postconviction: Evidence: Appeal and Error.** An appellate court
   upholds the trial court's findings in an evidentiary hearing on a motion
   for postconviction relief unless the findings are clearly erroneous. An
   appellate court independently resolves questions of law.
3. **Rules of Evidence: Hearsay: Appeal and Error.** Apart from rulings
   under the residual hearsay exception, an appellate court reviews for
   clear error the factual findings underpinning a trial court's hearsay rul-
   ing and reviews de novo the court's ultimate determination to exclude
   evidence on hearsay grounds.
4. **Rules of Evidence: Hearsay: Proof.** Hearsay is a statement, other than
   one made by the declarant while testifying at the trial or hearing, offered
   to prove the truth of the matter asserted.
5. **Rules of Evidence: Hearsay.** Hearsay is not admissible unless other-
   wise provided for in the Nebraska Evidence Rules or elsewhere.
6. **Hearsay.** A statement is not hearsay if the proponent offers it to show
   its impact on the listener and the listener's knowledge, belief, response,
   or state of mind after hearing the statement is relevant to an issue in
   the case.
7. **Appeal and Error.** Error that does not prejudice the appellant is not a
   ground for relief on appeal.
8. **Trial: Evidence: Appeal and Error.** The exclusion of evidence is ordi-
   narily not prejudicial if the court admits substantially similar evidence
   without objection.
9. **Effectiveness of Counsel: Proof: Appeal and Error.** To prevail
   on a claim of ineffective assistance of counsel under *Strickland v.*

*Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed.

Michael J. Wilson and Glenn Shapiro, of Schaefer Shapiro, L.L.P., for appellant.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

WRIGHT, CONNOLLY, MCCORMACK, MILLER-LERMAN, CASSEL, and STACY, JJ.

CONNOLLY, J.

## SUMMARY

Ryan L. Poe moved for postconviction relief from his convictions for first degree murder and use of a deadly weapon to commit a felony. After the district court overruled the motion, we remanded the cause for an evidentiary hearing on one of Poe's ineffective assistance of counsel claims. Specifically, we directed the court to decide if Poe's trial counsel should have impeached the State's key witness with a statement the witness made to Poe's girlfriend to the effect that Poe was innocent. On remand, the district court found that Poe's girlfriend did not tell his trial counsel about such a statement. The district court again overruled Poe's postconviction motion. Poe appeals, arguing that the court erroneously excluded certain out-of-court statements on hearsay grounds. We affirm.

## BACKGROUND

### TRIAL

The State charged Poe with first degree felony murder and use of a deadly weapon for the killing of Trever Lee. Lee died during a robbery of his townhouse in 2004.

One of Lee's roommates sold marijuana to a friend of Poe's, Antwine Harper. Harper was the State's key witness at Poe's trial. The State produced no physical evidence linking Poe to the crime.

Harper testified that Poe had asked him for permission to rob Lee's roommate and that Poe later confessed to the crime in great detail. Poe's attorney, Thomas Riley, extensively cross-examined Harper. Harper admitted that he initially denied knowing anything about the shooting and identified Poe as the killer only after the police threatened to arrest him. Harper acknowledged that he cried after the officers made the threat. He said that the officers told him that he would not "go to jail today" if he talked to them about the shooting.

A jury convicted Poe of first degree murder and use of a deadly weapon to commit a felony. The court sentenced him to life imprisonment and a consecutive term of 10 to 20 years' imprisonment for use of a deadly weapon. We affirmed Poe's convictions on his direct appeal.[1]

## FIRST POSTCONVICTION

Poe moved for postconviction relief in 2011. He alleged that the prosecutor had committed misconduct, that exculpatory evidence came to light after the trial, and that Riley, his trial counsel, was ineffective. Poe alleged that Harper told Poe's girlfriend, Michelle Hayes, that Poe was innocent. Poe faulted Riley for not impeaching Harper with this statement.

The district court overruled Poe's postconviction motion without an evidentiary hearing. Poe appealed. We remanded the cause with directions to "conduct[] an evidentiary hearing on Poe's claim of ineffective assistance of trial counsel relating to the allegation that counsel failed to utilize Harper's alleged inconsistent statement to Hayes that Poe was innocent."[2]

---

[1] *State v. Poe*, 276 Neb. 258, 754 N.W.2d 393 (2008).

[2] *State v. Poe*, 284 Neb. 750, 776-77, 822 N.W.2d 831, 850 (2012).

Second Postconviction

On remand, Poe offered four exhibits at the evidentiary hearing: (1) a deposition of Hayes; (2) a deposition of Riley; (3) an affidavit of his mother, Velma Poe (Velma); and (4) his own affidavit.

Hayes testified that she was working as a cashier when Harper walked up to her register a couple of days before Poe's trial. Hayes knew Harper because he once dated her sister. According to Hayes, Harper greeted her and then said, "'[D]on't worry about it, [Poe] is going to get out. I'm not going to show up to court. They are making me do something that's not true. He didn't do it. Don't worry about it, he's going to get out.'"

Hayes told Poe's parents about her encounter with Harper, and Poe's father suggested that she talk with Riley. She and Velma met with Riley a day or two before the trial. Hayes said that she "told [Riley] everything," but that he did not seem interested and did not take any notes.

Riley recalled meeting with Hayes, but remembered the substance of their exchange differently. According to Riley,

> the focus of what she was telling me was that [Harper] had apologized, he felt bad that he was doing what he was doing, and that he told her he wasn't coming to court. I do not recall her saying anything about him saying [Poe] didn't commit this crime or didn't shoot him . . . . [H]er purpose, as I perceived it, was primarily saying, hey, Harper says he's not coming to court, what happens if he doesn't come to court.

Riley stated several times that he did not remember Hayes telling him that Harper told her that Poe was innocent.

Riley said that he went through "six boxes of stuff" before his deposition and "couldn't find anything." He talked to several of the other attorneys who worked on Poe's case, and they could not recall such a statement either. Riley said that he would have asked "follow-ups" if Hayes had told him that Harper said that Poe was innocent.

In her affidavit, Velma, Poe's mother, averred that she and Hayes met with Riley a couple of days before Poe's trial. In the second paragraph, Velma stated:

> I heard [Hayes] tell Riley that Harper came through her checkout line at Wal-Mart. [Hayes] told Riley that Harper said he was not going to show up for trial. [Hayes] told Riley that Harper told her the police were trying to make him lie, and that [Poe] did not commit the crime.

The State objected to the second paragraph of Velma's affidavit on hearsay grounds. Poe responded that he was "not offering it for the truth of the matter asserted by either [Hayes] or the truth of the matter asserted by . . . Harper." Instead, he offered Velma's affidavit "solely to corroborate deposition testimony from . . . Hayes that she told Riley these things." The court sustained the State's hearsay objection.

After the evidentiary hearing, the court overruled Poe's motion for postconviction relief. It emphasized Riley's testimony that he could not recall Hayes telling him that Harper told her Poe was innocent or that the police were trying to make him lie. The court found that "the allegation that Counsel failed to utilize Harper's alleged inconsistent statement to Hayes that Poe was innocent was in fact not an accurate reflection of any conversation between . . . Hayes and . . . Riley."

## ASSIGNMENTS OF ERROR

Poe assigns that the court erred by (1) sustaining the State's hearsay objection to the second paragraph of Velma's affidavit and (2) determining that he did not receive ineffective assistance of counsel.

## STANDARD OF REVIEW

[1,2] In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact.[3] An appellate

---

[3] *State v. Armstrong*, 290 Neb. 991, 863 N.W.2d 449 (2015).

court upholds the trial court's findings unless they are clearly erroneous.[4] In contrast, an appellate court independently resolves questions of law.[5]

[3] Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection or exclude evidence on hearsay grounds.[6]

## ANALYSIS

### Hearsay

Poe argues that the court erred by excluding the second paragraph of Velma's affidavit on hearsay grounds. He contends that he did not offer it for the truth of the matter asserted. Instead, he states that he offered it to show that Riley knew Harper had made a statement to the effect that Poe was innocent.

[4,5] Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted.[7] Hearsay is not admissible unless otherwise provided for in the Nebraska Evidence Rules or elsewhere.[8]

[6] Of course, an out-of-court statement is not hearsay if the proponent offers it for a purpose other than proving the truth of the matter asserted.[9] For example, a statement is not hearsay if the proponent offers it to show its impact on the listener and the listener's knowledge, belief, response, or state

---

[4] *Id.*

[5] *Id.*

[6] See *Arens v. NEBCO, Inc.*, 291 Neb. 834, ___ N.W.2d ___ (2015).

[7] *State v. Hale*, 290 Neb. 70, 858 N.W.2d 543 (2015).

[8] *Id.*

[9] *State v. Parker*, 276 Neb. 661, 757 N.W.2d 7 (2008).

of mind after hearing the statement is relevant to an issue in the case.[10]

[7,8] But we need not decide if the second paragraph of Velma's affidavit is admissible as evidence of Riley's knowledge, because its exclusion did not prejudice Poe. Error that does not prejudice the appellant is not a ground for relief on appeal.[11] The exclusion of evidence is ordinarily not prejudicial if the court admits substantially similar evidence without objection.[12] Hayes repeatedly testified that she told Riley that Harper said that he was lying and that Poe was innocent. Poe himself stated in his affidavit that he told Riley that he had "reason to believe . . . Harper had recently admitted lying to detectives about my involvement." The second paragraph of Velma's affidavit was substantially similar to other evidence that the court received. Its exclusion therefore did not prejudice a substantial right of Poe.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Poe argues that the court was clearly wrong in finding that Hayes did not tell Riley about Harper's inconsistent statement. Poe contends that Riley did not testify "on personal knowledge."[13] Instead, Riley's "basis for his conclusion that Hayes did not tell him is his belief that he would have asked more follow-up questions," which Poe believes is "an untenable basis for the district court's finding."[14] Because of its

---

[10] *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011). See, *State v. Henderson*, 289 Neb. 271, 854 N.W.2d 616 (2014); *State v. Reinhart*, 283 Neb. 710, 811 N.W.2d 258 (2012); *State v. Hansen*, 252 Neb. 489, 562 N.W.2d 840 (1997); *State v. Bear Runner*, 198 Neb. 368, 252 N.W.2d 638 (1977); 2 McCormick on Evidence § 249 (Kenneth S. Broun et al. eds., 7th ed. 2013).

[11] See *Huber v. Rohrig*, 280 Neb. 868, 791 N.W.2d 590 (2010).

[12] *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015).

[13] Brief for appellant at 15.

[14] *Id.*

mistaken factual finding, Poe argues that the court's legal conclusion was also faulty.

[9] To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*,[15] the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense.[16] A court may address the two prongs of this test, deficient performance and prejudice, in either order.[17]

We conclude that the court's finding that Hayes never told Riley about Harper's inconsistent statement is not clearly wrong. Riley testified that he did not believe Hayes told him about the statement, because he could not remember Hayes telling him about the statement. Whether a person can have any other type of "personal knowledge" of an event that did not occur is a question for a metaphysician, not a court. Poe argues that Riley testified in "less specific terms" than Hayes,[18] but it is not our role to reweigh the credibility of witnesses or resolve conflicts in the evidence.[19]

## CONCLUSION

The court's exclusion of the second paragraph of Velma's affidavit did not prejudice Poe and is therefore not a basis for relief on appeal. The court's finding that Hayes did not inform Riley of Harper's inconsistent statement is not clearly wrong. So, the court did not err by concluding that Riley did not perform deficiently by failing to impeach Harper with the inconsistent statement.

Affirmed.

Heavican, C.J., not participating.

---

[15] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[16] *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015).

[17] *Id.*

[18] Brief for appellant at 14.

[19] See *State v. Armstrong, supra* note 3.