Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/24/2021 08:11 AM CDT

State of Nebraska, appellee, v.
Yahia Hassan, appellant.
___ N.W.2d ___

Filed July 2, 2021.    No. S-20-562.

1. **Rules of Evidence: Hearsay: Appeal and Error.** Apart from rulings under the residual hearsay exception, an appellate court reviews for clear error the factual findings underpinning a trial court's hearsay ruling and reviews de novo the court's ultimate determination to admit evidence over a hearsay objection.
2. **Convictions: Evidence: Appeal and Error.** Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction.
3. **Rules of Evidence: Hearsay: Proof.** Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted.
4. **Rules of Evidence: Hearsay.** Hearsay is not admissible unless otherwise provided for in the Nebraska Evidence Rules or elsewhere.
5. **Hearsay: Words and Phrases.** A verbal act is a statement that has legal significance, i.e., it brings about legal consequences simply because it was spoken.
6. **Statutes: Intent.** When interpreting a statute, the starting point and focus of the inquiry is the meaning of the statutory language, understood in context.
7. **Statutes.** It is not within the province of the courts to read meaning into a statute that is not there or to read anything direct and plain out of a statute.

Appeal from the District Court for Hall County: Andrew C. Butler, Judge. Affirmed.

Jerrod P. Jaeger, Deputy Hall County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

After the State charged Yahia Hassan with various drug offenses, the county court ordered Hassan to appear at a preliminary hearing on an upcoming Thursday. Hassan did not appear for the hearing, a bench warrant was issued, and Hassan was arrested on the following Monday. Although Hassan was not convicted of any of the underlying drug offenses, he was charged and convicted in district court for failure to appear.

Two questions are at issue in this appeal. The first is whether the court records the State relied upon to prove Hassan's failure to appear were properly admitted. The second is whether there was sufficient evidence to support Hassan's conviction. Hassan claims there was insufficient evidence of an essential element of a failure to appear violation: that he willfully failed to surrender himself within 3 days of being ordered to appear. Hassan argues that the 3-day period must be determined with reference to Neb. Rev. Stat. § 25-2221 (Reissue 2016), a statute setting out a method for the computation of time. He contends that if that statute applied, the period in which he could lawfully surrender himself extends to the Monday on which he was arrested, and there was thus insufficient evidence he committed the offense. We find that there was no error in the admission of the court records and that § 25-2221 should not be used to calculate the 3-day period in the failure to appear statute, and thus, we affirm.

## BACKGROUND

After police conducted a search of a car in which Hassan was riding as a passenger and discovered drugs and drug paraphernalia, Hassan was charged with criminal offenses in the county court for Hall County, and he was released from custody. The State later added an additional charge for failure to appear, alleging that Hassan willfully failed to appear for a preliminary hearing in the county court.

After the case was bound over to the district court, it proceeded to trial before a jury. Most of the State's evidence was relevant to the possession charges. The State sought to prove the failure to appear charge through exhibit 7. Exhibit 7 consisted of multiple records from the county court, including a journal entry from September 3, 2019, ordering Hassan to appear for a preliminary hearing on October 24 and warning that failure to appear could result in the issuance of an arrest warrant, an additional charge for failure to appear, and a finding of contempt; an October 24 journal entry noting that Hassan failed to appear for the preliminary hearing; an October 24 bench warrant issued by the county court as a result of Hassan's failure to appear; and a warrant return indicating that law enforcement arrested Hassan pursuant to the warrant on October 28.

Hassan objected to the admission of exhibit 7. Following a sidebar discussion not reflected in the bill of exceptions, the district court stated it was overruling the objection. Hassan's counsel noted for the record that "the objection was under the public records exception." The district court acknowledged the objection and again noted it was overruled.

Following the conclusion of the State's case, Hassan moved for a directed verdict on all charges. The district court granted Hassan a directed verdict on one of the possession charges, but denied a directed verdict on all others. Hassan did not introduce evidence.

The jury returned a verdict finding Hassan not guilty of the remaining possession charges and guilty of the failure to

appear charge. For the failure to appear conviction, the district court sentenced Hassan to 10 days' incarceration with credit given for 10 days' time served.

## ASSIGNMENTS OF ERROR

Hassan assigns that the district court erred (1) by admitting exhibit 7 under the public records exception to the hearsay rule and (2) by overruling Hassan's motion for directed verdict and finding the evidence sufficient to support his conviction for failure to appear.

## STANDARD OF REVIEW

[1] Apart from rulings under the residual hearsay exception, we review for clear error the factual findings underpinning a trial court's hearsay ruling and review de novo the court's ultimate determination to admit evidence over a hearsay objection. *State v. Draganescu*, 276 Neb. 448, 755 N.W.2d 57 (2008).

[2] Regardless of whether the evidence is direct, circumstantial, or a combination thereof, and regardless of whether the issue is labeled as a failure to direct a verdict, insufficiency of the evidence, or failure to prove a prima facie case, the standard is the same: In reviewing a criminal conviction, an appellate court does not resolve conflicts in the evidence, pass on the credibility of witnesses, or reweigh the evidence; such matters are for the finder of fact, and a conviction will be affirmed, in the absence of prejudicial error, if the evidence admitted at trial, viewed and construed most favorably to the State, is sufficient to support the conviction. *State v. Price*, 306 Neb. 38, 944 N.W.2d 279 (2020).

## ANALYSIS

*Admissibility of County Court Records.*

Hassan contends that the county court records found in exhibit 7 should not have been admitted into evidence at trial. He asserts that exhibit 7 is hearsay and was not admissible under the public records exception to the hearsay rule. See Neb. Rev. Stat. § 27-803(7) (Reissue 2016). Specifically, he

claims that the State did not provide adequate notice or show that exhibit 7 contained records of facts required to be observed and recorded pursuant to a duty imposed by law, both of which are required by § 27-803(7). We find that it is unnecessary to determine whether exhibit 7 was admissible under § 27-803(7), because Hassan objected to exhibit 7 as a whole, but exhibit 7 is not entirely inadmissible hearsay.

[3,4] Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted. *State v. Poe*, 292 Neb. 60, 870 N.W.2d 779 (2015). Hearsay is not admissible unless otherwise provided for in the Nebraska Evidence Rules or elsewhere. *State v. Poe, supra*. But an out-of-court statement is not hearsay if the proponent offers it for a purpose other than proving the truth of the matter asserted. *Id.* This last principle is crucial here, because at least part of exhibit 7 could not have been offered for the truth of the matter asserted.

[5] Included within exhibit 7 was a journal entry ordering Hassan to appear for a preliminary hearing on October 24, 2019. This journal entry was a "verbal act" and was thus not hearsay. A verbal act is a statement that has legal significance, i.e., it brings about legal consequences simply because it was spoken. *State v. McCave*, 282 Neb. 500, 805 N.W.2d 290 (2011). Such statements are not hearsay. See *id.* As a commentator has explained, verbal acts are not hearsay, because they "involve words that have a legal effect that is not concerned with the out-of-court declarant's memory, perceptions, or honesty." G. Michael Fenner, The Hearsay Rule, 26 (3d ed. 2013).

The county court's order directing Hassan to appear for a preliminary hearing had legal significance simply because it was spoken. Because the county court issued the order, Hassan was obligated to appear and faced legal consequences if he did not. His failure to appear as ordered formed the basis for the conviction at issue. Several courts have concluded that imperative statements in court orders are not hearsay, because

they bring about legal consequences as a result of being spoken. See, e.g., *U.S. v. Dupree*, 706 F.3d 131, 137 (2d Cir. 2013) ("the question whether a court's command imposes legal obligations on a party is outside the hearsay rule's concerns"); *U.S. v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004) ("[a] prior judgment is not hearsay . . . to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties"); *Prudential Ins. Co. of America v. Sagers*, 421 F. Supp. 3d 1199, 1204 (D. Utah 2019) ("orders by the court are not offered for the truth of those statements, but rather to demonstrate the legal effect of the statements on the parties"). See, also, *U.S. v. Hayes*, 369 F.3d 564, 568 (D.C. Cir. 2004) (reasoning that because imperative statements were not assertive, they did not "express a 'truth' for which they could be offered"). For the same reason, we conclude that the journal entry and order directing Hassan to appear for a preliminary hearing was a verbal act and not hearsay.

Hassan may contend that other portions of exhibit 7 contained inadmissible hearsay, but we need not reach that question. Hassan objected to exhibit 7 as a whole. We have held that even if there are inadmissible parts within an exhibit, "an objection to an exhibit as a whole is properly overruled where a part of the exhibit is admissible." *State v. Merrill*, 252 Neb. 736, 743, 566 N.W.2d 742, 748 (1997). Because part of exhibit 7 was admissible, the district court did not err in overruling Hassan's objection to its admission.

*Sufficiency of Evidence.*

Hassan also contends that his conviction cannot stand, because the State failed to introduce sufficient evidence of all of the essential elements of a failure to appear offense.

The statute underlying the basis of the failure to appear charge, Neb. Rev. Stat. § 29-908 (Reissue 2016), provides in relevant part:

> Whoever is charged with a felony and is released from custody under bail, recognizance, or a conditioned release

and willfully fails to appear before the court granting such release when legally required or to surrender himself within three days thereafter, shall be guilty of a Class IV felony . . . .

We have held that to sustain a conviction under § 29-908, the State must establish that (1) the defendant was charged with a felony; (2) the defendant was released from custody under bail, recognizance, or a conditioned release; and (3) the defendant willfully failed (a) to appear before the court when legally required or (b) to surrender himself or herself within 3 days thereafter. *State v. Valdez*, 236 Neb. 627, 463 N.W.2d 326 (1990).

Hassan does not contest that the State introduced evidence that he was charged with a felony; that he was released from custody under bail, recognizance, or a conditioned release; or that he willfully failed to appear for the preliminary hearing as ordered. He does claim that the State failed to show that he willfully failed to surrender himself within 3 days of failing to appear for the preliminary hearing.

Hassan argues that the 3-day period referred to in § 29-908 must be determined with reference to § 25-2221. Section 25-2221 provides in pertinent part:

Except as may be otherwise more specifically provided, the period of time within which an act is to be done in any action or proceeding shall be computed by excluding the day of the act, event, or default after which the designated period of time begins to run. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a day during which the offices of courts of record may be legally closed as provided in this section, in which event the period shall run until the end of the next day on which the office will be open.

Hassan argues that although § 29-908 obligates defendants to surrender themselves within 3 days of a failure to appear before the court, § 25-2221 dictates that when the failure to appear occurs on a Thursday and the third day thereafter thus

falls on a Sunday, as it did here, the time in which the defendant can surrender himself or herself and avoid a violation of § 29-908 includes the following Monday. And because the State's evidence showed that Hassan was arrested on the following Monday, he claims the State did not prove he failed to surrender himself as required by § 29-908.

The State counters that § 25-2221 should not be applied here. The State does not contend that § 25-2221 has no application in the criminal context, but acknowledges that we have applied § 25-2221 in many such cases. See, e.g., *State v. Hirsch*, 245 Neb. 31, 511 N.W.2d 69 (1994) (applying § 25-2221 in determining whether prosecution was time barred); *State v. Thompson*, 244 Neb. 375, 507 N.W.2d 253 (1993) (applying § 25-2221 in determining whether motion for new trial was timely filed); *State v. Bridger*, 223 Neb. 250, 388 N.W.2d 831 (1986) (applying § 25-2221 in determining whether appeal was timely filed); *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981) (applying § 25-2221 in speedy trial computation). Instead, the State attempts to distinguish those cases, arguing that the deadlines in those cases were "administrative" or "procedural," while the deadline in § 29-908 is not. Brief for appellee at 14 and 15.

[6,7] To answer whether the 3-day period in § 29-908 should be determined with reference to § 25-2221, we must interpret § 25-2221. To do so, we apply our familiar principles of statutory interpretation, which we briefly review here. When interpreting a statute, the starting point and focus of the inquiry is the meaning of the statutory language, understood in context. *In re Guardianship of Eliza W.*, 304 Neb. 995, 938 N.W.2d 307 (2020). Our analysis begins with the text, because statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. See *id.* Neither is it within the province of courts to read meaning into a statute that is not there or to read

anything direct and plain out of a statute. *Parks v. Hy-Vee*, 307 Neb. 927, 951 N.W.2d 504 (2020).

Applying these principles to the question at hand, we conclude that § 25-2221 should not be used to determine the 3-day surrender period in § 29-908. Section 25-2221 provides that its procedure for counting days is to be applied when there is a "period of time *within which an act is to be done in any action or proceeding*" (emphasis supplied). There is no question that by requiring defendants to surrender themselves within 3 days of failing to appear as ordered, § 29-908 creates a period of time in which an act is to be done. In addition, our prior cases appear to have treated a criminal prosecution as an "action or proceeding" for purposes of § 25-2551. We do not, however, understand § 29-908 to require defendants to perform the time-sensitive act of surrendering themselves following a failure to appear *in* the action or proceeding.

Section 29-908 makes it a crime for certain individuals to willfully fail (1) to appear for court when legally required and (2) to surrender themselves within 3 days. It does not, however, direct to whom those defendants must surrender or provide any indication that their required surrender must take place to the court *in* the criminal proceeding. We see nothing in the statute that would prevent a defendant who failed to appear for a required court appearance from surrendering to law enforcement in the county in which he or she was ordered to appear within 3 days and thereby avoiding a violation of § 29-908. Yet, in that scenario, the defendant is not taking any action *in* the criminal proceeding. The defendant is simply surrendering to law enforcement to avoid committing a criminal offense. The failure to surrender within 3 days of being ordered to appear is an essential element of a violation of § 29-908, but the defendant is not required to take that action *in* the underlying proceeding. Accordingly, § 25-2221, by its terms, does not apply.

We acknowledge that this court has not always adhered closely to the text of § 25-2221 in determining whether its

method for computing time should be applied. In *State ex rel. Wieland v. Beermann*, 246 Neb. 808, 523 N.W.2d 518 (1994), we applied § 25-2221 as we were determining whether statements describing proposed constitutional amendments were timely filed with the Secretary of State. We concluded that § 25-2221 applied in reliance on a treatise, which stated that "[a] statutory rule for the computation of time is usually construed as a general provision relating to all acts required and permitted by law, unless an intention to the contrary affirmatively appears or a different construction seems imperative . . . ." *State ex rel. Wieland v. Beermann*, 246 Neb. at 812, 523 N.W.2d at 523, quoting 86 C.J.S. *Time* § 8 (1954) (internal quotation marks omitted).

To the extent we suggested in *State ex rel. Wieland* that § 25-2221 should be "construed as a general provision relating to all acts required and permitted by law," we glossed over § 25-2221's text. Unlike some time computation statutes from other states, see, e.g., 5 Ill. Comp. Stat. Ann. 70/1.11 (West 2016) ("[t]he time within which any act provided by law is to be done shall be computed by . . . ."), § 25-2221 does not state that its method of time computation should be applied to any and all acts required by law. As we have noted, it applies only to those acts which must be done "in any action or proceeding." It is the function of the Legislature, through the enactment of statutes, to declare what is the law and public policy of this state. *Rogers v. Jack's Supper Club*, 304 Neb. 605, 935 N.W.2d 754 (2019). The Legislature has specified the circumstances in which the method of computing time outlined in § 25-2221 is to be applied. We are obligated to follow its policy direction.

Because § 25-2221 does not apply to determining the 3-day surrender period of § 29-908, we interpret the reference in § 29-908 to 3 days according to its plain and ordinary meaning of 3 calendar days. See *In re Guardianship of Eliza W.*, 304 Neb. 995, 938 N.W.2d 307 (2020). With this understanding in mind, it becomes clear that the State introduced sufficient

evidence that Hassan failed to surrender himself within 3 days of the preliminary hearing. As we have discussed, Hassan failed to appear for the preliminary hearing on Thursday, October 24, 2019, and was then arrested on Monday, October 28. As more than 3 calendar days elapsed between his failure to appear and his arrest, there was evidence by which the jury could have found each of the essential elements of a violation of § 29-908.

## CONCLUSION

Because we find that Hassan's assignments of error lack merit, we affirm.

AFFIRMED.